571 So.2d 965 (1990)
John Wesley FAIR
v.
STATE of Mississippi.
No. 89-KA-0928.
Supreme Court of Mississippi.
December 5, 1990.
Richard B. Lewis, Chapman Lewis & Swan, Clarksdale, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
John Wesley Fair stands convicted in the Circuit Court of Coahoma County of the crime of arson in connection with the burning of the dwelling house of Gloria Ross Holmes, upon which he has been sentenced to seven years imprisonment. Fair perfected no appeal within thirty (30) days of the judgment imposing sentence. Rule 4(e), Miss.Sup.Ct.Rules. He now proceeds under the Mississippi Uniform Collateral Post-Conviction Relief Act and demands an out-of-time appeal. Rule 22, Miss.Sup.Ct. Rules; Miss. Code Ann. § 99-39-5(1)(h) (Supp. 1990). The Circuit Court denied his application, and Fair now appeals to this Court.
We affirm.
John Wesley Fair was 19 years of age when, on February 6, 1989, the Circuit Court entered its final judgment of conviction and imposition of sentence. He had completed eleven grades in school and, insofar as the record reflects, is of normal intelligence.
The evidence shows that, within a day or two after his conviction, Fair talked with his attorney, Charles E. Webster of Clarksdale, Mississippi, regarding an appeal. Fair says he told Webster he wanted an appeal. Webster tells the story otherwise. Webster says that, in his first post-sentence visit with Fair, he was fully anticipating that Fair would ask for an appeal. Webster is experienced in criminal defense practice and says that most of the defendants he represents who are found guilty want an appeal. He says that he was quite surprised when Fair indicated that he did not want to take an appeal. Webster insists that he fully discussed the matter with Fair at the time and then advised Fair that, if he wished to waive an appeal, he would have to do so in writing.
On February 14, 1989, Webster conferred with Fair at the Coahoma County Jail and again advised him of his right to appeal. Fair once again said that he did not want an appeal. Webster then presented Fair with an affidavit, reciting that Fair understood his legal right to appeal and desired to waive such. The bottom line of the affidavit is
... that John Fair has discussed this waiver fully with his attorney ... Charles E. Webster... . After numerous discussions with said attorney, the *966 said John Fair still desires to waive his right to an appeal.
Webster testified that he read the affidavit to Fair. Fair concedes as much. Webster says that he explained the affidavit to Fair in layman's terms to be sure that Fair understood its import.
Fair then signed the affidavit in the presence of a notary public and his signature was witnessed by Webster, who thereafter filed it with the Circuit Court.
Of course, at the time the waiver was wholly revocable. Rule 4(e), Miss.Sup.Ct. Rules, provides that an appeal may be perfected by giving notice within thirty (30) days, and there is no question but that Fair would have a perfected appeal if he had given notice within thirty (30) days notwithstanding the waiver he executed on February 14. The problem is that March 8, 1989  the thirtieth (30th) day under the Rules  came and passed without event. The next matter appearing of record is Fair's March 28, 1989, motion for an out-of-time appeal, which, the Circuit Court correctly treated as an application under the PCR Act, Section 99-39-5(1)(h). This application came fifty (50) days after the judgment of conviction and sentence which first triggered the running of time upon Fair's right to appeal.
In cases such as this we hold that the defendant is required to prove by a preponderance of the evidence that within the time for giving notice of appeal  thirty (30) days from final judgment  he asked his attorney to appeal and that his attorney, through no fault of the defendant, failed to perfect an appeal. See Barnett v. State, 497 So.2d 443, 444 (Miss. 1986). The Circuit Court held an evidentiary hearing for the purpose of resolving these factual questions. At this hearing, Fair appeared as a witness and testified, in substance, that he never agreed to waive an appeal and that at all times he insisted to Webster that he wanted an appeal. Fair admits that Webster came to the jail and read the affidavit to him, but he insists that he did not understand it. In fact, Fair insists to this day that he does not understand the meaning of the word "waive." Fair claims that, after Webster's visit, he attempted repeatedly to place telephone calls to Webster to inquire about his appeal, that Webster finally came to the jail to see him in late March of 1989, at which time he asked Webster about his appeal, and Webster replied that he had waived the right to appeal. It was following this meeting that Webster prepared and filed the motion for out-of-time appeal, which has given rise to the present proceedings.
Webster acknowledges that he received a telephone message through his secretary that Fair wanted to talk to him "Re: an appeal." New counsel for Fair, the District Attorney, and the Circuit Court all carefully interrogated Webster regarding the date of this notice. Webster conceded that it was possible that he received the notice prior to March 8, the deadline under our thirty (30) day rule. He stated that, in his opinion, it was far more likely that the notice came in on or about March 18, 1989. He acknowledges that it was several days thereafter that he went to see Fair and that he did not consider the matter urgent because, in his mind, Fair had waived his appeal. At the end of the evidentiary hearing, the Circuit Court found
... that Mr. Fair was advised of his right to appeal, advised of the time limit within which that appeal had to be made ..., [and] observing the defendant here in open court, that his ability to read is above average for an eleventh grader in this county, and his ability to articulate his position is also above average for one with an eleventh grade education... . In this particular case the Court finds that the affidavit executed by the defendant was explained to him. The Court has witnessed him reading the affidavit very clearly, without hesitation as to any of the words, words that most eleventh graders would not even be able to pronounce. This defendant was very clear in reading this document. The Court finds that it was explained to him, that he knowingly and understandingly waived his right to appeal when he executed the affidavit of February 14, 1989 ... . and made no change or had no change of mind until after the thirty days had expired.
*967 Thereupon the Court found that Fair had failed to prove by a preponderance of the evidence that he did not understand his right to appeal nor that he had indicated to his attorney a desire to appeal within the thirty (30) day time limit.
Legal principles enforceable here need be reiterated and made clear. A defendant convicted in a criminal action enjoys an appeal of right. Miss. Code Ann. § 99-35-101 (1972). That right is temporally entailed in that he must give notice thereof by filing notice of appeal with the clerk of the trial court within thirty (30) days of the date of the judgment imposing sentence or following final disposition of any post-trial motions, whichever is later, see Rule 4(a) and (e), Miss.Sup.Ct.Rules. This Court has not been grudging in granting out-of-time appeals in criminal cases, all to the interest that substantial justice may be done in the case of each individual convicted and sentenced through our criminal processes. On the other hand, it is settled that a defendant desiring an out-of-time appeal must, at the very least, show that the failure timely to perfect an appeal was through no fault of his own. See, e.g., Moawad v. State, 531 So.2d 632, 633 (Miss. 1988); Barnett v. State, supra. Here the Circuit Court heard the matter extensively in open court and found as a fact that Fair was fully advised of his right to appeal, that he understood his right to appeal, and that he did nothing indicating he wished an appeal until well after the time limit had expired. We reiterate that the sworn waiver filed February 14, 1989, was wholly revocable at the time, and it is clear that the Circuit Court regarded it as such. Fair did not lose his right to appeal because he waived it on February 14, 1989, but because he did not revoke the waiver and give notice of appeal on or before March 8, 1989. The sworn waiver functions in this context as substantial credible evidence that Fair did, in fact, receive contemporaneous advice regarding his right to appeal and that he did knowingly and intelligently waive same.
There is a further consideration. We have searched the record and the proceedings before us for any indication that there may have been grounds for an appeal which may have had the substantial probability of securing in this Court a reversal of the judgment of the Circuit Court. Cf. Johnson v. Weston Lumber & Building Supply Company, 566 So.2d 466, 468 (Miss. 1990) (one consideration in deciding whether to set default judgment aside is whether defendant has a colorable defense to merits of claim); Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 388 (Miss. 1987) (same). Webster testified that the only grounds he saw was an overwhelming weight-of-the-evidence type argument which, in his view, would be unlikely to prevail. Webster testified that he did not believe there were any technical errors in the trial proceeding that would require reversal. Fair's complaint appears to be that the principal witness identifying him at the scene at the time of the fire was lying. This, of course, is a matter of credibility for the jury and would hardly be likely to result in a reversal on appeal.
In sum, we find that the Circuit Court was quite open to Fair's claim. The Court recognized that on many occasions it has granted out-of-time appeals where grounds appeared therefor. The Court inquired carefully whether Fair may have done anything before March 8 which may have revoked his waiver of his right to appeal. In the end, however, the Court found that the evidence simply did not support Fair's motion and denied it. Our review of the record leaves us with the firm conviction that the Court was eminently correct.
NUNC PRO TUNC ORDER DENYING MOTION FOR OUT-OF-TIME APPEAL AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.