GRIFFIS, J.,
for the Court.
¶ 1. Danny A. Coker was convicted of making fraudulent statements and submitting fraudulent documents to a governmental agency, in violation of Mississippi Code Annotated Section 97-7-10 (Rev. 2000). Coker then filed a motion for a new trial. However, at the hearing on the motion, Coker announced that he wanted to abandon his motion. As a result, the trial court ruled that all post-trial motions filed by Coker were abandoned and sentenced him to four years in the custody of the Mississippi Department of Corrections and ordered him to pay a fine of $2,500 as well as $100 to the Mississippi Crime Victims’ Compensation Fund and all court costs. Coker subsequently filed a motion for post-conviction relief, which was denied by the trial court.
¶ 2. Coker now appeals from the denial of his motion for post-conviction relief. Coker contends that: (1) he received ineffective assistance of counsel, (2) he was denied due process of law, and (3) he was denied an out-of-time appeal. We find no reversible error and affirm.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002).
ANALYSIS

I. Whether Coker received ineffective assistance of counsel.

¶ 4. In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that an ineffective assistance of counsel claim may be found if the defendant shows that his counsel’s performance was deficient and that this deficiency prejudiced his defense. The defendant has the burden of proof to establish both parts of this test. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 5. Coker argues his counsel failed to protect his right to appeal. Coker claims his counsel led him to believe that by waiving his right to appeal, the trial judge would show leniency. However, the record reflects that prior to waiving his right to appeal, Coker was fully informed by the trial judge that his sentence could not be reduced because of his status as a convicted felon. The record also indicates that the trial judge informed Coker of his maximum sentence and advised him of the consequences of waiving his right to appeal. Coker waived his right to appeal with full knowledge of the repercussions.
¶ 6. Coker further asserts his counsel was deficient because he failed to properly investigate the case and failed to request discovery. However, Coker provides no evidence to establish that his counsel failed to investigate his case. Ad *1241 ditionally, Coker’s assertion that his counsel did not request discovery is contradicted by the court file which reflects that his counsel did request discovery and that the State responded to that discovery.
¶ 7. In a post-conviction relief proceeding, the movant must demonstrate with specificity and detail the elements of the claim. Woodward v. State, 635 So.2d 805, 808 (Miss.1993). The trial court correctly ruled that Coker did not meet this burden. Thus, we find no error.

II. Whether Coker was denied due process of law.

¶ 8. Coker contends his due process rights were violated by the trial court’s refusal to grant a mental evaluation. However, there is no abuse of discretion in denying a mental evaluation where there has been no proof presented to the trial judge that such an examination is needed. Wheeler v. State, 536 So.2d 1347, 1354 (Miss.1988). The trial judge was in the best position to observe Coker and his demeanor. The record indicates that Coker was alert and understood the nature of the proceedings and the circumstances and consequences surrounding his actions. Coker showed no signs of mental defect. Instead, he participated in his defense and was able to assist his attorney and express himself in a clear and rational manner. Therefore, we find that the trial judge was correct in denying the motion for mental evaluation. Thus, we find that this issue lacks merit.
¶ 9. Coker also contends that his due process rights were violated since the trial court refused to grant a lesser-included offense instruction. However, Coker voluntarily abandoned his motion for new trial and thus waived his right to appeal. Therefore, we find this argument is procedurally barred. Miss.Code Ann. § 99-39-21 (Rev.2000).

III. Whether Coker was improperly denied an out-of-time appeal.

¶ 10. Coker argues that in the absence of other relief requested, he should have been granted an out-of-time appeal. A defendant who desires an out-of-time appeal must show that the failure to timely perfect an appeal was through no fault of his own. Fair v. State, 571 So.2d 965, 967 (Miss.1990). Coker did not meet this burden. The record indicates that Coker voluntarily abandoned his right to appeal. Thus, Coker has not established that his failure to appeal was “through no fault of his own.” Id. Therefore, we find this issue lacks merit.
1Í11. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO TATE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.