ROBERTS, J.,
dissenting.
¶ 16. Although affirmance of the conviction, by the majority, may have the same practical effect, I write separately to emphasize that I would dismiss this appeal for lack of jurisdiction. It is well settled that: “We may suspend [Mississippi Rules of Appellate Procedure] 2 and 4 ‘when justice demands’ to allow an out-of-time appeal in criminal cases.” McGruder v. State, 886 So.2d 1, 2(¶4) (Miss.2003) (citing Fair v. State, 571 So.2d 965, 966 (Miss.1990)) (emphasis added). However, it is when a defendant is effectively denied his or her right to perfect a timely appeal through no fault of his or her own, that the appellate court is motivated to suspend or relax the rules of appellate procedure. Id. (citing Jones v. State, 355 So.2d 89, 90 (Miss.1978)). This is definitely not the situation in the instant appeal.
¶ 17. The majority has amply stated the procedural facts of this case, but I note, again, that Bridgit Williams chose to flee the state in the middle of her trial, and she had to be extradited from Tennessee eighteen months later. Williams made a calculated decision to flee from justice. Furthermore, the record reflects that this was not the first time she had chosen to take flight from legal proceedings or restraint. In 1998, Williams violated the terms of her probation by leaving the state and had to be extradited from Tennessee to Warren County, Mississippi for a probation-violation hearing. As evidenced by Williams’s habitual-offender status and the prior underlying proceedings in Warren County, this was not her first legal rodeo.
¶ 18. At trial, Williams was represented by a public defender, who in Williams’s absence, was diligent to file a motion for a new trial after her conviction. After her extradition, Williams hired private counsel to present her amended motion for a new trial, and the record does not reflect an order stating that Williams’s retained attorney was ever relieved of his representation of Williams. Nevertheless, six months after the trial judge dismissed Williams’s motion for a new trial, Williams filed a pro se notice of appeal. Williams was five months late in filing her appeal. Although Williams claims her appeal was untimely filed because she did not have the means to afford an attorney and she was ignorant of the appellate rules, Williams did not request in forma pauperis status until March 28, 2008, approximately eight months after her amended motion for a new trial was denied. In forma pauperis status was granted, and Rankin County paid her appeal costs. Yet, the record does not reflect a request by Williams to the trial court for court-appointed counsel to pursue her appeal. Williams’s claimed ignorance is unpersuasive, particularly in light of the fact that she is no stranger to the legal system. Without a doubt, the majority correctly recognizes that Williams *367 has not shown good cause for her untimely filed appeal.
¶ 19. However, in spite of this recognition, the majority chooses to forgive or ignore this fact and addresses Williams’s appeal on the merits out of concern that she may pursue a post-conviction-relief action. I suggest that this is faulty reasoning. Whether we address the merits of Williams’s appeal or not, she is likely to file a post-conviction-relief motion because this is her right, if she can show that there are objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal. Miss.Code Ann. § 99-39-3 (Rev.2007). Also, whether we permit this untimely filed appeal or not is irrelevant to any possible future post-convietion-relief motion Williams may file. It is irrelevant because, if she could have raised such issues in a timely filed appeal, but by her own fault failed to file a timely appeal, the procedural bar stands to prevent them from being raised in a post-eonviction-re-lief proceeding. Ultimately, the decision to allow this appeal should be based solely upon the facts before us in the record.
¶ 20. With the caveat of finding “good cause” for an untimely filed appeal in criminal proceedings, “Rule 2(a) reflects the long-standing rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case.” Byrd v. Biloxi Reg’l Med. Ctr., 722 So.2d 166, 168(¶ 10) (Miss.Ct.App.1998) (quoting Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992)). In my considered judgment, accepting this appeal on the merits without any showing of good cause is tantamount to abolishing the requirements of Mississippi Rule of Appellate Procedure 2. Certainly, with the facts in this case, justice does not demand relaxation of our thirty-day rule. As we are without any appellate jurisdiction based on the facts before us, I would grant the State’s motion to dismiss this appeal.
MYERS, P.J., GRIFFIS AND MAXWELL, JJ., JOIN THIS OPINION.