BARNES, J.,
 

 for the Court:
 

 ¶ 1. George Davis, Jr. appeals the Circuit Court of Tunica County’s denial of his petition for an out-of-time appeal. Finding no error, we affirm the circuit court’s judgment.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In February 2004, a Tunica County grand jury jointly indicted Davis and Charlie Thomas “individually or while aiding and abetting and/or acting in concert” for armed robbery of the Sheraton Casino in Tunica County, Mississippi, pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2000). They were accused of taking approximately $66,780 from a cashier at the casino. The circuit court granted the co-defendants’ motion for severance. Davis’s trial commenced in April 2005, and a jury found Davis guilty as charged, but it was unable to fix the penalty of life imprisonment for armed robbery. Thus, pursuant to section 97-3-79, the circuit court sentenced Davis in open court on June 27, 2005, to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with three years suspended and three years of post-release supervision. The circuit court entered a judgment to this effect on July 12, 2005.
 

 ¶ 3. Also on June 27, 2005, Davis filed a notarized “Affidavit” which both he and his attorney had signed. The affidavit stated that, after conferring with his court-appointed trial attorney and “being advised of all his constitutional rights,” Davis did not desire to appeal his conviction. Davis also claimed that he understood his right to appeal, but he “voluntarily, knowingly, understandably and without duress” waived this right. Davis admitted that he had fully discussed this waiver with his attorney and that after “numerous discus
 
 *458
 
 sions” with him he still desired to “knowingly and voluntarily” waive the right and release his attorney from any obligation to file an appeal. In the affidavit, Davis also waived the right to have his trial attorney file post-trial motions for a judgment notwithstanding the verdict or a new trial.
 

 ¶ 4. Several months later, on March 20, 2006, Davis filed a pro se “Petition For Out-of-Time Direct Appeal.” In the petition, Davis stated that “immediately after his armed robbery conviction and sentence” he advised his attorney that he “desired an appeal to the Mississippi Supreme Court.” Davis claimed, however, that his attorney erroneously informed him that he would “only” be required to serve approximately four years of his twelve-year sentence “for ‘aiding and abetting’ [an armed robbery] because the sentence wasn’t mandatory,” and “[Davis] got a deal” because the jury could have sentenced him to life imprisonment. Davis contended he was manipulated by his trial counsel into signing the waiver of his right to appeal; thus, he was denied his right to due process and his right to effective assistance of counsel.
 

 ¶ 5. On January 10, 2007, the circuit court denied Davis’s petition for an out-of-time appeal, noting that the time for perfecting a direct appeal had lapsed and that Davis had knowingly and voluntarily waived this right. Furthermore, the circuit court explained that while Davis claimed he executed the affidavit waiving this right because he was misled and coerced by his attorney, there was no evi-dentiary basis to support these contentions. On March 20, 2007, the circuit clerk entered Davis’s pro se notice of appeal of the January 10 order. Davis, however, treated the appeal as a direct appeal of his conviction, raising issues related to a jury instruction and an alleged promise of leniency to one of the State’s witnesses, as well as the waiver-of-appeal issue. He also raised ineffective assistance of counsel related to the failure of his trial attorney to file a notice of appeal in spite of his affidavit stating he wanted to waive this right.
 
 [1]
 

 ANALYSIS
 

 f 6. First, we shall address Davis’s contention that this appeal is a direct appeal of his conviction and sentence and not one for post-conviction relief. We shall also discuss the timeliness of Davis’s appeal. Then, we shall address the propriety of his waiver of a direct appeal and his claim of ineffective assistance of counsel related to the waiver.
 

 1.
 
 Nature of Appeal and Timeliness
 

 ¶ 7. Davis argues his current appeal is a direct appeal of his conviction and sentence and not one for post-conviction relief. Under the circumstances of this case, however, the circuit court would have had no authority under the Mississippi Rules of Appellate Procedure to allow the filing of an out-of-time direct appeal approximately nine months after his conviction and sentence were entered; thus, it ruled properly.
 

 ¶ 8. Appeals to the Mississippi Supreme Court are made by filing a notice of appeal with the clerk of the trial court within thirty days of the entry of judgment or order appealed from. M.R.A.P. 4(a). Here, Davis was sentenced in an order dated June 27, 2005, and a judgment was entered on July 12, 2005. For a timely
 
 *459
 
 direct appeal, Davis would have had to file his notice of appeal by August 11, 2005, at the latest, but he did not. His petition for an out-of-time appeal was filed in March 2006. Two circumstances in which the trial court can grant an extension of time are found in Mississippi Rules of Appellate Procedure 4(g) and 4(h), neither of which apply here. Rule 4(g) allows an extension for “good cause.” The motion for an extension of time must be filed within thirty days of the expiration of the time prescribed by this rule. M.R.A.P. 4(g). Here, Davis’s petition was filed well outside of that time frame. Rule 4(h) allows the trial court to reopen the time for appeal if no notice was received by the party entitled to it. The motion for an extension of time must be filed within 180 days of entry of the judgment or order, or within seven days of the receipt of such notice, whichever is earlier. M.R.A.P. 4(h). Here, Rule 4(h) is not applicable as there is no question that Davis had notice of the circuit court’s judgment. Additionally, Davis filed his petition well outside of the 180-day time frame.
 

 ¶ 9. Mississippi Rule of Appellate Procedure 2(c) allows the appellate court to suspend the thirty-day requirement of Rule 4(a) in criminal cases for “good cause shown” and “in the interest of expediting decision.” “[Ajppellate courts do have the authority to grant a criminal defendant such an appeal if failure to perfect the appeal was ‘through no fault of his own’ and if ‘justice demands.’ ”
 
 Parker v. State,
 
 921 So.2d 397, 399 (¶ 5) (Miss.Ct.App.2006) (citing
 
 McGruder v. State,
 
 886 So.2d 1, 2 (¶ 4) (Miss.2003)). Davis, however, has failed to provide any evidence of “good cause” for this Court to suspend the rules to allow a direct appeal. Because Davis waived his appeal, and then apparently changed his mind well after the thirty-day deadline, we cannot find that his failure to perfect his direct appeal was “through no fault of his own.” Thus, we find no authority under the Mississippi Rules of Appellate Procedure or case law to allow a direct appeal in this instance.
 

 ¶ 10. However, we can and do consider Davis’s petition for filing an out-of-time appeal as a motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-39-5(l)(h) (Rev.2000), which states whether a defendant is entitled to an out-of-time appeal is a ground for post-conviction relief. For our standard of reviewing a circuit court’s decision to deny a petition for post-conviction relief, this Court will not disturb the circuit court’s ruling unless it is found to be clearly erroneous. Questions of law are reviewed de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ¶ 11. Even though Davis’s petition is one for post-conviction relief, his appeal is untimely. The circuit court denied Davis’s motion for an out-of-time appeal on January 10, 2007, and it was entered on the circuit court’s docket the next day. Davis filed his notice of appeal on March 20, 2007, over thirty days after the entry of judgment. In examining the record, however, it appears that Davis may not have been aware of the entry of the circuit court’s judgment on January 11. The clerk of the Mississippi Supreme Court, in a letter dated March 5, 2007, explained to Davis that his motion to compel was not properly before the supreme court because the circuit court had denied his motion for an out-of-time appeal. This correspondence indicates Davis may not have been aware of the entry of the order. Davis’s notice of appeal was entered only fifteen days after the date of the supreme court clerk’s letter, on March 20, 2007. Accordingly, in the interest of justice, because Davis may not have had notice of the entry of the order denying his petition, and his
 
 *460
 
 notice of appeal was filed within thirty days of the date he certainly received notice of the denial, we shall suspend the thirty-day filing requirement for Davis’s notice of appeal of the circuit court’s January 2007 denial of his petition for out-of-time appeal pursuant to Rule 2(c). We now turn to the merits of Davis’s waiver of his right to appeal and the related ineffective assistance of counsel claim as a matter for post-conviction relief.
 

 2. Davis’s Waiver of His Right to Appeal
 

 ¶ 12. While Davis raises four issues in his appeal, we need only address whether the circuit court erred in failing to grant Davis’s out-of-time appeal because he waived his right to a direct appeal, and Davis’s claim of ineffective assistance of counsel related to this issue.
 
 [2]
 

 ¶ 13. Regarding Davis’s waiver of his right to a direct appeal, the circuit court found that he had knowingly and voluntarily waived this right, and we agree. It is well established that “[t]here is no constitutional right to an appeal; the right of appeal is purely a creature of statute.” 9 Fed. Proc., L.Ed. § 22:969
 
 Waiver of Right to Appeal
 
 (2005). Additionally, “[a]n accused may voluntarily waive his or her right of appeal,” but any waiver of appeal must be “informed and voluntary.” 24 C.J.S.
 
 Criminal Law
 
 § 2349 (2006).
 

 ¶ 14. According to the record, Davis apparently changed his mind about the waiver in March 2006, when he filed his petition for an out-of-time appeal, where he stated he was erroneously informed by his trial counsel that he would only have to serve approximately four years of his twelve-year sentence for “aiding and abetting” an armed robbery. He claims this misinformation was the sole basis for his signing the waiver of appeal. Davis also stated that he had desired an appeal “immediately” after his conviction and sentence for armed robbery, in spite of signing the affidavit the same day he was sentenced. Davis also requested either a grant of his out-of-time appeal or an evi-dentiary hearing on these matters.
 

 ¶ 15. We note that Davis’s waiver was prepared with the assistance of his trial counsel. It was properly executed by both Davis and his counsel, notarized, and filed. There is no evidence in the record to show the waiver was in any way invalid. We also note that Davis could have revoked the waiver and perfected his appeal at any time prior to thirty days from the entry of judgment, pursuant to Rule 4(a), but there is no evidence that he made such an attempt. Instead, he waited until over eight months later to claim his waiver was invalid. In its order, the circuit court found “no basis to support [Davis’s] contentions. He executed an affidavit waiving his right to an appeal and stated that he did so knowingly, voluntarily, understandably and
 
 *461
 
 without duress.” We agree. Davis’s petition for an out-of-time direct appeal does not provide any affidavits of proposed witnesses to prove facts that would be outside of his knowledge about the waiver of his right, pursuant to Mississippi Code Annotated section 99-39-9(l)(e) (Rev.2000).
 

 ¶ 16. Further, Davis contends that his counsel was ineffective for advising him erroneously about how much time he would be required to serve, parole eligibility, and the ability to accumulate “good time” toward early release. Davis also argues that his counsel failed to advise him of his right to appeal and failed to timely perfect his appeal; thus, “through no fault of his own,” he was denied the right to appeal.
 

 ¶ 17. In order to prove his counsel was ineffective, Davis must show: (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant has the burden of proof for both prongs.
 
 Edwards v. State,
 
 615 So.2d 590, 596 (Miss.1993) (citing
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990)). There is a strong presumption that trial counsel was competent.
 
 Id.
 
 (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1353 (Miss.1990)). To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. In cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Phillips v. State,
 
 25 So.3d 404, 408-09 (¶ 14) (Miss.Ct.App.2010) (quoting
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995)). A post-conviction-relief claim for ineffective assistance of counsel will be dismissed without an evidentiary hearing when it is “manifestly without merit.”
 
 Robertson v. State,
 
 669 So.2d 11, 13 (Miss.1996) (citing
 
 Sanders v. State,
 
 440 So.2d 278, 284 (Miss.1983)). A defendant must allege with “specificity and detail” that his counsel’s performance was deficient and prejudicial to his defense.
 
 Id.
 
 (citing
 
 Brooks,
 
 573 So.2d at 1354;
 
 Perkins v. State,
 
 487 So.2d 791, 793 (Miss.1986)).
 

 ¶ 18. Davis does not provide any evidence that he was misinformed by his counsel regarding how much of his sentence he would have to serve, except for his own statements alleged in his petition for an out-of-time appeal and in his briefs before this Court. While Davis’s petition could be considered a sworn statement by the petitioner setting forth matters within his knowledge pursuant to the requirements of Mississippi Annotated Code section 99 — 39—9(l)(d) (Rev.2000), since it was executed by Davis, dated, and “subscribed and sworn” before a notary, nonetheless, it is insufficient proof of his claim. He has not alleged with “specificity and detail” that his counsel was deficient. Moreover, Davis did not present sufficient proof to warrant an evidentiary hearing.
 

 ¶ 19. In his affidavit waiving his appeal, he states he was aware his sentence was fifteen years, with three years suspended, in the custody of the MDOC. The record indicates Davis was not provided any incorrect information about his sentence by either the circuit court or his counsel. His waiver-of-appeal affidavit states that: Davis was given advice regarding his right to appeal; he did not desire an appeal; and he knowingly waived the right. Davis claims that he waived his appeal based solely on the fact that his counsel erroneously informed him he would only have to serve approximately four years due to “earned time.” However, unless he provided some proof in the form of affidavits
 
 *462
 
 from other witnesses corroborating this contention beyond his own statements, we cannot find merit to Davis’s claim that his attorney was ineffective.
 

 ¶ 20. The case of
 
 Fair v. State,
 
 571 So.2d 965 (Miss.1990) is similar to the instant case. In
 
 Fair,
 
 the supreme court upheld the denial of the defendant’s petition for an out-of-time appeal, when the defendant had waived his right to an appeal by affidavit. Within a few days of his conviction, John Wesley Fair met with his attorney. Fair claims he told his attorney he wanted an appeal; his counsel claims otherwise. They conferred again approximately one week later. Fair’s counsel claimed he again advised Fair of his right to appeal, and Fair again stated he did not want an appeal.
 
 Id.
 
 at 965. Therefore, his counsel presented Fair with an affidavit waiving his right to appeal, which Fair executed in the presence of a notary, with his counsel witnessing the signature as well.
 
 Id.
 
 at 965-66. Fair then moved for an out-of-time appeal fifty days after his judgment of conviction and sentence. The circuit court treated the motion as one for post-conviction relief pursuant to section 99 — 39—5(l)(h). While the circuit court granted an evidentiary hearing to resolve factual questions, it ultimately found that Fair was advised of his right to appeal and had knowingly waived this right.
 
 Id.
 
 at 966. There was no further evidence to support his claim for an out-of-time appeal.
 
 Id.
 
 at 967.
 

 ¶ 21. In the instant case, Davis waited approximately nine months before he filed his petition for out-of-time appeal, not fifty days as in
 
 Fair.
 
 The
 
 Fair
 
 court also examined the record and found no substantive grounds for an appeal that may have secured a reversal of Fair’s conviction.
 
 Id.
 
 at 967. Similarly, in the instant case, this Court was provided with the record and transcript from the circuit court proceedings, which we have reviewed. We find no basis for a possible reversal of Davis’s conviction.
 

 ¶ 22. Finally, this Court requested supplemental briefing from the parties specifically on Davis’s claim that he was erroneously advised by his counsel on earned time — the portion of the twelve-year sentence that he would actually have to serve — and whether such a claim, if proven, undermines the knowing and voluntary nature of Davis’s waiver of his right to a direct appeal. The State contends that this claim relates to Davis’s ineffective assistance of counsel claim, which is proee-durally barred because it was not raised in a petition for post-conviction relief. We disagree with this argument because Davis raised it in his petition for out-of-time appeal, which is properly considered a petition for post-conviction relief. The State also argues that his claim of being “misinformed” was not supported by sworn statements. We also disagree with this contention as Davis’s sworn petition for out-of-time appeal can be considered such a statement, as discussed above. However, because Davis is the only witness that provides proof to support his claims, and as the State notes, it contradicts his sworn affidavit of waiver, his petition for an out-of-time appeal does not assist his claims. Since Davis offers no proof that he was erroneously advised by his counsel, we cannot find that his waiver was made involuntarily and unknowingly because of that possibility.
 

 ¶ 23. Accordingly, we find no error with the circuit court’s denial of Davis’s petition for an out-of-time appeal.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS AP
 
 *463
 
 PEAL ARE ASSESSED TO TUNICA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Davis also makes another argument related to ineffective assistance of counsel: the prosecutor's alleged failure to disclose that he had “promised" to take the former co-defendant Thomas's testimony into consideration in "future negotiations” and that this had a limiting effect on Davis's right to cross-examine Thomas.
 

 [2]
 

 . On appeal, Davis also raises issues regarding die propriety of a jury instruction on accessory-after-the-fact for robbery; whether Davis was prejudiced by the prosecution’s failure to disclose that Thomas, testifying for the State, had been promised leniency in his sentence in exchange for his testimony; and ineffective assistance of counsel related to the cross-examination of Thomas. However, none of these issues were raised before the circuit court except the matters related to the waiver of his appeal. It is well established that "[q]uestions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error.”
 
 Jones v. State,
 
 915 So.2d 511, 513 (¶ 7) (Miss.Ct.App.2005) (quoting
 
 Stringer v. State, 279
 
 So.2d 156, 158 (Miss.1973)). Therefore, only the issues dealing with the waiver of Davis's appeal are properly before us; the other issues are procedurally barred.