**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2017-KA-00177-COA**

CHRISTOPHER ALLEN JOINER A/K/A                                    APPELLANT
CHRISTOPHER JOINER A/K/A CHRISTOPHER
A. JOINER A/K/A CHRIS JOINER

v.

STATE OF MISSISSIPPI                                                        APPELLEE

DATE OF JUDGMENT:             10/04/2016
TRIAL JUDGE:                  HON. DALE HARKEY
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ABBIE EASON KOONCE
DISTRICT ATTORNEY:            ANTHONY N. LAWRENCE III
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED: 02/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Christopher Allen Joiner appeals his convictions for three counts of armed robbery

under Mississippi Code Annotated section 97-7-79(2) (Rev. 2014).  He argues that the trial

court improperly denied his request for a mental evaluation to determine whether he was fit

to stand trial.  We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2.     On February 1, 2016, after he was indicted, Joiner filed a motion to proceed pro se.

In the motion, Joiner stated that he had asked his first appointed attorney for a psychological

evaluation. Joiner provided no other basis, reasoning, or explanation for such an evaluation. Then on May 24, 2016, five months before his trial, Joiner was appointed new trial counsel.

¶3.    Joiner made no further mention of his request for a psychological evaluation to his new attorney or to the judge in his numerous pretrial court appearances. Then Joiner was offered a plea deal. Joiner discussed the details of his case and the plea with his attorney, and then with the judge. Nevertheless, Joiner rejected the plea offer and decided to go to trial.

¶4.    The trial began on October 3, 2016. At trial, Joiner mentioned his request for a psychological evaluation to his new attorney and subsequently to the judge. This was the first time Joiner had mentioned it since the motion to proceed pro se. After a discussion between Joiner, his attorney, and the judge, the motion for a psychological evaluation was denied.

¶5.    The jury found Joiner guilty of all three armed-robbery counts. He was sentenced to life in the custody of the Mississippi Department of Corrections on each count, with the sentences in Counts II and III to run concurrently with each other and consecutively to the sentence imposed in Count I. Joiner filed a motion for a new trial and raised the issue of the psychological evaluation. The court denied the motion, and Joiner has timely appealed.

STANDARD OF REVIEW

¶6.    Constitutional due process requires that a person accused of a crime may only be tried if he is legally competent. *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980). Uniform Rule of Circuit and County Court 9.06 requires a trial court to order a defendant to undergo a mental examination if, upon "its own motion or upon motion of an attorney, [the trial court]

2

has reasonable ground to believe that the defendant is incompetent to stand trial[.]"[1] The determination of whether a trial court has a "reasonable ground" to suspect mental incompetency is within the discretion of the trial court. *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011). This discretion is broad in determining whether to order a mental evaluation and competency hearing. *Id.* at 603 (¶19). This is because the trial judge is in the best position to observe the appellant and his demeanor. *Id.*

¶7.     The standard of review for an appellate court to determine if there was an abuse of discretion is whether "the trial judge received information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competence and alerted [the judge] to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense[.]" *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009) (citation omitted). "[T]here is no abuse of discretion in denying a mental evaluation where there has been no proof presented to the trial judge that such an examination is needed." *Coker v. State*, 909 So. 2d 1239, 1241 (¶8) (Miss. Ct. App. 2005) (citation omitted).

## ANALYSIS

¶8.     Joiner argues that the trial court erroneously denied him a mental evaluation and that the evaluation was necessary to determine whether he was competent to reject his plea offer

---

[1] Although it applies in this case, Rule 9.06 has since been replaced by Rule 12 of the Mississippi Rules of Criminal Procedure (effective July 1, 2017). "Mississippi Rule of Criminal Procedure 12.5(a) departs from Rule 9.06's mandatory-hearing requirement. In the absence of a motion by the court or the parties, a hearing is no longer mandatory, but permissible." *Pitchford v. State*, 2015-CA-01818-SCT, 2017 WL 4699552, at *5 n.1 (Miss. Oct. 19, 2017) (citing MRCrP 12.5(a) cmt.).

and stand trial.  The State responds that the defense presented no medical evidence as to his emotional or mental condition upon his motion for a psychological examination that would have warranted such an evaluation.  The Mississippi Supreme Court has held that, in order to warrant a psychiatric examination, there must be evidence indicating a reasonable probability that the defendant is incapable of making a rational decision.  *Jaquith v. Beckwith*, 248 Miss. 491, 500, 157 So. 2d 403, 407-08 (1963).  Joiner showed no evidence of a reasonable ground.  Joiner's own testimony and the testimony of his attorney showed that he was competent to stand trial and therefore not in need of a mental evaluation.

> While there is no precise statement of what quantum of evidence necessitates a trial judge to order a mental evaluation, the United States Supreme Court has explained "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required."

*Bradley v. State*, 116 So. 3d 1093, 1096 (¶17) (Miss. Ct. App. 2013) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).

¶9.    During questioning of both Joiner and his attorney, each stated there were no problems communicating with each other or formulating a defense:

[JUDGE]:    My question to you, though, is quite simple.  Have you discussed this [plea deal] fully with your attorney?

[JOINER]:    Yes, sir;  I have and he has advised me to the best of my interest.

[JUDGE]:    He has advised you, you feel, to the best of your interest.  Now, the decision you have made to, I suppose, reject their recommendation and to proceed to trial, that is your decision?

[JOINER]:    Yes, sir.

[JUDGE]:    You reached that decision after consultation with your attorney?

4

[JOINER]: Yes, sir.

[JUDGE]: Any form of pressure or --

[JOINER]: No, sir.

[JUDGE]: – threats or coercion, anything of that nature?

[JOINER]: No, sir; nothing like that.

¶10. Additionally, prior to this case, Joiner had appeared in front of the trial judge numerous times regarding other felony charges and entered guilty pleas. The trial judge noted when deciding whether to deny the motion for a psychological evaluation that, during those prior occasions, there had never been any mention of the need for a competency evaluation. Joiner was familiar with the plea-bargain system, and the judge had previously had the opportunity to observe Joiner's decision-making abilities.

¶11. The record indicates that Joiner was alert and understood the nature of the proceedings and the circumstances and consequences surrounding his actions. Joiner showed no signs of mental defect. "[T]he burden of proof in this case rests upon the movant[] to prove by substantial evidence that the defendant is mentally incompetent to stand trial." *Richardson v. State*, 767 So. 2d 195, 203 (¶41) (Miss. 2000). Joiner participated in his defense and was able to assist his attorney and express himself in a clear and rational manner. We find Joiner failed to show there was any reasonable ground to conclude he was not competent to stand trial, and the trial court did not abuse its discretion in denying the petition to determine competency. Thus, Joiner's assignment of error is without merit. The judgment of the Jackson County Circuit Court is affirmed.

5

¶12.   **AFFIRMED**.

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**