# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-01337-SCT

*JIMMIE LESHAUN GARDNER a/k/a JIMMIE L.*
*GARDNER a/k/a JIMMIE GARDNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | ASHLEY ALLEN |
| | KEVIN D. CAMP |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: HUNTER N. AIKENS |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MATTHEW W. WALTON |
| DISTRICT ATTORNEY: | JOHN BRAMLETT |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | APPEAL DISMISSED - 08/13/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.

## COLEMAN, JUSTICE, FOR THE COURT:

¶1. On July 31, 2018, a jury found Jimmie Leshaun Gardner guilty of one count of possession of a Schedule II controlled substance in violation of Mississippi Code Section 41-29-139 (Rev. 2018) and one count of felony evasion in violation of Mississippi Code Section 97-9-72 (Rev. 2014). The trial court found Gardner to be a subsequent drug offender and a habitual offender under Mississippi Code Section 99-19-81 (Rev. 2015). Gardner appeals,

arguing that insufficient evidence supported the verdict, that the trial court erred by sentencing him as a habitual offender, and that the trial court erred by allowing evidence of his prior convictions.

## DISCUSSION

¶2. Gardner did not file his appeal timely as required by Mississippi Rule of Appellate Procedure 4(a). The entry of judgment and conviction was filed on July 31, 2018. Gardner filed his appeal on September 13, 2018. Mississippi Rule of Appellate Procedure 4(a) states,

> Except as provided in Rules 4(d) and 4(e), in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.

M.R.A.P. 4(a).

¶3. Mississippi Rule of Appellate Procedure 2(a)(1) states, "An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." M.R.A.P. 2(a)(1).

## CONCLUSION

¶4. The Court dimisses the appeal as untimely under Mississippi Rule of Appellate Procedure 4(a).

¶5. **APPEAL DISMISSED.**

**RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.**

**KING, PRESIDING JUSTICE, DISSENTING:**

¶6. I believe that this Court should suspend the Rules of Appellate Procedure and allow

2

this appeal to proceed on the merits; therefore, I respectfully dissent from the decision to dismiss the appeal.

¶7.    Mississippi Rule of Appellate Procedure 2(c) provides that this Court "may suspend the requirements or provisions of any of these rules" "[i]n the interest of expediting decision, or for other good cause shown[.]" M.R.A.P. 2(c). The rule specifically provides that "[t]he time for taking an appeal under Rules 4 or 5 may be extended in criminal and post-conviction cases . . . ." *Id.* This Court may grant an out-of-time appeal when a criminal defendant is effectively denied the right to appeal by the untimely actions of his attorney. ***McGruder v. State***, 886 So. 2d 1, 2 (Miss. 2003). "We may suspend Rules 2 and 4 'when justice demands' to allow an out-of-time appeal in criminal cases." ***Id.*** (quoting ***Fair v. State***, 571 So. 2d 965, 966 (Miss. 1990)).

¶8.    Nothing in the record indicates that Gardner caused his appeal to be untimely filed. His attorney simply did not perfect Gardner's appeal in a timely manner. The defendant and the State fully briefed the appeal on the merits. The appeal was days, not years, out of time, and this Court has the entire record before it. In the interests of justice, this Court should address this appeal on the merits. Additionally, judicial economy would be better served by addressing the appeal on the merits. Dismissing the appeal will likely spark motions to suspend the rules and post-conviction relief petitions to allow an out-of-time appeal. Addressing the appeal on the merits would consequently expedite the decision. I therefore dissent, and I believe this Court should address Gardner's appeal on the merits.

    **KITCHENS, P.J., JOINS THIS OPINION.**

3