803 So.2d 1265 (2002)
Frederick VANCE a/k/a Fredrick Vance, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00686-COA.
Court of Appeals of Mississippi.
January 8, 2002.
*1267 Frederick Vance, Appellant, pro se.
Office of the Attorney General, by W. Glenn Watts, Jackson, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. Frederick Vance, pro se, appeals an order of the Circuit Court of Clay County, Mississippi denying his motion for post-conviction relief. Aggrieved, Vance perfected this appeal arguing that the circuit court erred in failing to grant relief because the plea was involuntary and he received ineffective assistance of counsel. Finding no error, we affirm the decision.

FACTS
¶ 2. Vance was indicted for aggravated assault. He pled guilty and was sentenced to serve a ten year suspended sentence, five years of supervised probation, and a $1,000 fine. After a parole violation, Vance's probation was revoked and he was incarcerated to serve the ten year sentence.
¶ 3. Vance filed a motion for post-conviction relief seeking to withdraw his guilty plea and to have an evidentiary hearing. Vance alleged that the court erred by not advising him of his constitutional right to call witnesses and that the court did not specify the minimum mandatory sentence as required by Mississippi Uniform Criminal Rule of Circuit Court Practice 3.03. In addition, Vance claimed that he received ineffective assistance of counsel in entering his guilty plea. Vance concluded that he would not have pled guilty if he had been given the correct information. There were no affidavits in support of any of Vance's allegations other than his own.
¶ 4. The trial judge denied his motion without a hearing. It is from this denial that Vance now appeals.

ANALYSIS OF ISSUES PRESENTED

STANDARD OF REVIEW
¶ 5. Vance argues the following issues on appeal:
I. WHETHER VANCE'S PLEA WAS INVOLUNTARY?
II. DID VANCE RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
III. DID THE TRIAL COURT IMPROPERLY DENY VANCE'S REQUEST FOR AN EVIDENTIARY HEARING?
¶ 6. When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).

DISCUSSION OF ISSUES

I. WHETHER VANCE'S PLEA WAS INVOLUNTARY?
¶ 7. Vance contends that the circuit court erred by not advising him in open court of his constitutional right to call witnesses to testify on his own behalf and of the minimum sentence to the charge of aggravated assault. Vance argued that this rendered his guilty plea null and void.
¶ 8. The criteria to determine if a plea was voluntarily entered was established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. *1268 1709, 23 L.Ed.2d 274 (1969), and codified in the Uniform Circuit and County Court Rule 8.04(A)(4) as follows:

Advice to the Defendant: When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:

(a) That the accused is competent to understand the nature of the charge;
(b) That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
(c) That the accused understands that by pleading guilty (s)he waives his/her constitutional right of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
(emphasis added).
¶ 9. The Mississippi Supreme Court addressed the question of whether a plea was voluntarily and knowingly made in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A plea is considered "voluntary and intelligent" if the defendant is advised regarding the nature of the charges against him and the consequences of the entry of the plea. Id.

a. Did the trial court err by not expressly informing Vance that he was waiving his right to call witnesses to testify on his behalf?

¶ 10. The trial judge not only asked Vance twice if his counsel explained his constitutional rights that were stated in the plea petition, he specifically asked if he, "understood that by pleading guilty to this charge [he would] give up [his] constitutional right to a jury trial." In addition, the trial judge asked Vance a series of questions to confirm his understanding of the plea. Vance responded in the affirmative to each question. More importantly, after repeatedly asking if counsel had gone over the petition with Vance, the trial judge asked, "do you have any questions about anything in this petition ... ?" Vance indicated that he did not have any questions concerning his plea.
¶ 11. Consequently, based on the record before us, there is ample basis for concluding that Vance's guilty plea was neither void nor involuntary and his appeal is without merit as to this issue.

b. Did the trial court err in not expressly informing Vance of the minimum sentence?

¶ 12. Citing Vittitoe v. State, Vance argued that his guilty plea was involuntary as a matter of law, because the trial judge failed to inform him of the mandatory minimum sentence which could be imposed. Vittitoe v. State, 556 So.2d 1062, 1065 (Miss.1990). In addition, Vance cites this deficiency as a violation of Mississippi Uniform Criminal Rule of Circuit Court Practice 3.03 and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The requirements of 3.03 are now contained in the Uniform Circuit and County Court Rule 8.04(A)(4), which provides in part:
Advice to the Defendant. ... it is the duty of the trial court to address the defendant personally and to inquire and determine:
(b) That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law;....
(emphasis added).
¶ 13. Deviating from Vittitoe, in Smith v. State, 636 So.2d 1220 (Miss.1994), the *1269 Mississippi Supreme Court addressed a situation where the defendant was not informed in court of his minimum sentence. In Smith, the court said:
Automatic invalidation of a guilty plea is not the rule in Mississippi. In Gaskin v. State, 618 So.2d 103, 108 (Miss.1993), the Mississippi Supreme Court held that the trial court's failure to correctly advise the defendant of the applicable minimum and the maximum sentences was harmless error where it is shown that the defendant was correctly informed by another source.
¶ 14. Section 97-3-7 of the Mississippi Code Annotated (Rev.1994) established the sentences for aggravated assault. It provides, "upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years." Miss.Code Ann. § 97-3-7 (Rev. 1994). Therefore, the statute specifies no minimum sentence. The judge stated the range of punishment that was available to the court was "up to twenty years."
¶ 15. In the order denying the motion, the trial judge stated that, "after review of the plea colloquy and guilty plea petition, the minimum sentence was stated in [Vance's] guilty plea petition which was signed by [Vance]." The Court finds that Vance was specifically informed of the range of sentences for aggravated assault in the plea petition, a maximum of "twenty" and a minimum of "zero."
¶ 16. The Mississippi Supreme Court has addressed the no minimum issue by stating "where the statute specifies no minimum number of years of imprisonment, the judge is not obliged to inform the defendant that no minimum sentence is provided, or that the minimum penalty he faces is `zero.'" Bevill v. State, 669 So.2d 14, 18 (Miss.1996). Thus, Vance had no right to be informed that the statute contains no minimum sentencing requirement, and his appeal is without merit as to this issue.

II. DID VANCE RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 17. Vance alleged that he was denied effective assistance of counsel because his attorney permitted him to plead guilty to the charge of aggravated assault when he was not expressly informed by the court that he was waiving his right to call witnesses to testify on his behalf; he was not informed of the minimum sentence for the charge; and the evidence was insufficient to prove an essential element to support a conviction of the crime. As indicated above, the first two assignments of error are without merit.
¶ 18. As to his claim of insufficient evidence, Vance claimed that his counsel erroneously interpreted the elements of aggravated assault. Vance stated that the essential element that could not be satisfied was "to intend to kill and murder." In addition, Vance theorized that "hitting Mr. Giles one time with my hand without any deadly weapon" is not the equivalent to using a "weapon." Furthermore, he asserted that "[he] did not inflict any serious body injures [sic] or major body injures [sic] (wounds)" upon Mr. Giles.
¶ 19. In addressing the issue of whether a fist could constitute a deadly weapon in an aggravated assault case, the Mississippi Supreme Court clearly stated: "We hold that whether or not hands and closed fists constitute, under § 97-3-7(2)(b), a means likely to produce serious bodily harm involves a question of fact to be decided by the jury in light of the evidence." Jackson v. State, 594 So.2d 20, 24 (Miss.1992).
¶ 20. At the plea hearing, the prosecutor stated, "the evidence will show [Vance] is guilty of aggravated assault" and "that *1270 is what I'm going to be able to prove at trial." The prosecutor based his statements on the evidence that Vance struck Mr. Giles in the head. We find that there was sufficient evidence from which the jury could find that Vance's use of his hands was a means likely to produce serious bodily harm. The court in Jackson held that it is not necessary "under this section [subpart (2)(b)] for the State to prove the victim suffered `serious' bodily injury. Mere `bodily injury' is sufficient so long as it was caused with `other means likely to produce serious bodily harm.'" Id. ¶ 21. Furthermore, Vance was erroneous in his own interpretation of the elements required for aggravated assault. Under Section 97-3-7 of the Mississippi Code Annotated (Rev.1994), the elements of aggravated assault are:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under the circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;....
(emphasis added). Since the underlying basis for his claim of ineffective assistance of counsel is erroneous, this appeal is without merit as to this issue.

III. DID THE TRIAL COURT IMPROPERLY DENY VANCE'S REQUEST FOR AN EVIDENTIARY HEARING?
¶ 22. The Mississippi Supreme Court has held that "a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794, 794 (Miss. 1996). However, this does not mean that every time there are contradictory affidavits a hearing will be held; the contested facts must be material to require a hearing. Wright v. State, 577 So.2d 387, 390 (Miss.1991).
¶ 23. As to Vance's contention that he should have been given an evidentiary hearing, we find that there was no error on the part of the trial judge. Vance concluded that he would not have pled guilty if he had been given the correct information. There were no affidavits in support of any of Vance's allegations other than his own. An evidentiary hearing is only imperative where the transcript of the plea hearing "does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance." Roland v. State, 666 So.2d 747, 751 (Miss.1995); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear to this Court from the record provided that Vance was explicitly informed by the trial judge of his right to a trial by jury. It is also clear from the record that Vance was informed by the trial judge that a guilty plea would constitute a waiver of those rights. In addition, although the judge had no duty to inform Vance of a minimum sentence of zero, Vance was aware of the minimum sentence of zero according to the record. Furthermore, the record clearly indicated that Vance understood those rights. Therefore, in accordance with the holdings in Roland and Alexander, we hold that the trial judge was correct in denying Vance an evidentiary hearing.
¶ 24. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
*1271 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.