¶ 1. Frederick Vance, pro se, appeals the judgment of the Circuit Court of Clay County dismissing his motion for post-conviction relief. Finding no error, we affirm.
 SUMMARY OF FACTS AND PROCEDURAL HISTORY ¶ 2. Frederick Vance pled guilty to aggravated assault on July 14, 1998, in Clay County Circuit Court and received a ten-year suspended sentence, five years of supervised probation, and a $1,000 fine. Less than one year later, Vance violated his probation, and it was revoked. He was imprisoned to begin serving his ten-year sentence. In 2001, Vance filed a timely motion for post-conviction relief with the Clay County Circuit Court, seeking to withdraw his guilty plea and requesting an evidentiary hearing. Additionally, Vance claimed ineffective assistance of counsel regarding the entry of his guilty plea. On April 11, 2001, the circuit court denied Vance's motion without a hearing. Vance appealed, and on January 8, 2002, this Court found Vance's claims without merit, and affirmed the trial court's denial of his motion. Vance v. State,803 So.2d 1265 (Miss.Ct.App. 2002).
 ¶ 3. In 2003, Vance filed an "extraordinary writ" with the Mississippi Supreme Court, which was denied on February 4, 2004. On May 31, 2005, Vance submitted a self-styled "Petition for Writ of Habeas Corpus" in Clay County Circuit Court, which was denied twice by that court. On July 25, 2005, the circuit court found the motion time-barred according to the statute of limitations provided in Mississippi Code Annotated section 99-39-5 (Supp. 2005). On October 12, 2005, the circuit court again dismissed Vance's motion. The circuit court's second denial was in response to a motion Vance filed for rein-statement of his habeas corpus petition. Vance alleged his motion should be an exception to the statute of limitations as he was convicted of aggravated assault instead of simple assault, and thus his sentence was illegal. The circuit court found that Vance's indictment was correct, because it charged him with hitting the victim with a brick, which would constitute aggravated assault. Also, the court stated that since Vance pled guilty, he waived his right to present any possible defenses to the charge of aggravated assault. On November 4, 2005, the Clay County Circuit Court received a letter from Vance, dated October 31, 2005, inquiring about the status of his motion to reinstate his petition for habeas corpus. By notice of appeal dated November 8, 2005, Vance sought this Court's review of his petition for rein-statement. The notice of appeal, however, was not stamped "filed" until November 14, 2005, two days after the date required for timely notice of appeal under M.R.A.P. 4(a). The State has not challenged appellate jurisdiction in this case.
 STANDARD OF REVIEW ¶ 4. Our standard of review of a trial court's decision to deny a motion for post-conviction relief is clear. This Court *Page 227 
will not alter findings of fact by the trial court unless they are found to be clearly erroneous. Smith v.State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002). Questions of law are reviewed de novo. Pace v. State,770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App. 2000).
 DISCUSSION ¶ 5. This Court must have jurisdiction to consider this appeal. We note that Vance's notice of appeal was not received by the circuit court for filing within thirty days of the order of the circuit court. "An appeal shall be dismissed if the notice of appeal is not timely filed pursuant to Rules 4 or 5." M.R.A.P. 2(a)(1). While the State has not challenged appellate jurisdiction, it is incumbent upon us to assure ourselves such jurisdiction does exist. The prison mailbox rule, as applied to pro se post-conviction relief proceedings, states the prisoner's motion is considered delivered for filing, under the Uniform Post-Conviction Collateral Relief Act and the Mississippi Rules of Civil Procedure, when the prisoner gives the documents to prison officials for mailing. Sykes v. State,757 So.2d 997, 1000-01 (¶ 14) (Miss. 2000). Recently, we noted inMelton v. State, 930 So.2d 452, 455 (¶ 8) (Miss.Ct.App. 2006), that if the State wants to challenge an appeal as untimely, the State bears the burden of proving the notice was not timely mailed by the prisoner. Id. The State has made no attempt to meet this burden, and it may well be that Vance did deliver his papers to prison officials in a timely manner.
 ¶ 6. Moreover, post-conviction relief petitions are governed by Mississippi Rule of Appellate Procedure 2(c). This Court may suspend the requirements of the appellate rules in the interest of justice. M.R.A.P. 2(c). Specifically, this Court may suspend Rule 4(a) of the Mississippi Rules of Appellate Procedure to allow an out-of-time appeal for criminal cases.[1] In the instance case, from the facts at hand, we cannot tell when Vance's petition was given to prison officials to mail. Also, we do not know when Vance received notice of the ruling on his motion by the circuit court. Because of the unique circumstances presented in this case, we opt to exercise our discretion under Rule 2(c) of the Mississippi Rules of Appellate Procedure to suspend the thirty-day filing requirement to the extent Vance's filing may have been untimely under the prison mailbox rule. Thus, we find jurisdiction proper and proceed to address Vance's appeal on the merits.
 ¶ 7. Vance appeals the denial of his self-styled "Petition for Writ of Habeas Corpus." In his petition, he argues: his plea was not entered knowingly, intelligently, or voluntarily; the court erred in accepting a guilty plea for aggravated assault without factual basis; he was denied effective assistance of counsel at the plea hearing; he was deprived of a fair trial because of the judge's bias towards him; and his sentence is illegal as a matter of law.
 ¶ 8. Habeas corpus petitions based on the issues presented here have been supplanted by motions for post-conviction relief.See Miss. Code Ann. §§ 99-39-3, -27(9) (Supp. 2005). A dismissal or denial of such a petition shall constitute a final judgment, and bars any successive petitions. Miss. Code Ann. § 99-39-27(9) (Supp. 2005). Moreover, any additional motions for post-conviction relief, however denominated, *Page 228 
but actually functioning as a post-conviction relief motion, shall be properly dismissed as a "successive writ."Id.
 ¶ 9. According to our research, in 2001 Vance filed a timely motion for post-conviction relief which was denied by the Clay County Circuit Court. On January 8, 2002, this Court affirmed that denial. See Vance, 803 So.2d 1265. Vance's current petition for "writ of habeas corpus" is procedurally barred, as it is actually a second motion for post-conviction relief, which is prohibited under section 99-39-27(9) as a successive writ.
 ¶ 10. In our original 2001 opinion denying Vance's motion for post-conviction relief, we addressed two of the issues he places before this Court today. Specifically, we ruled on whether there was evidence sufficient to prove an essential element of his conviction for aggravated assault, and whether Vance was denied effective assistance of counsel. We found both claims without merit. We concluded that the circuit court did not err in accepting Vance's guilty plea for aggravated assault. Further, the Clay County Circuit Court's order of October 12, 2005, stated that, after a review of Vance's file, his indictment does charge him with hitting the victim with a brick. This act would constitute aggravated assault, thus his conviction was proper.
 ¶ 11. Regarding the ineffective assistance of counsel claim, previously we held that since Vance's underlying argument was erroneous, as there was sufficient evidence to convict him of aggravated assault, his attorney acted properly in allowing him to plead guilty to this charge. There was no merit to this claim. Further, since these two issues have been previously adjudicated and denied, they are procedurally barred here as a successive writ, as are Vance's remaining claims regarding his plea entry, denial of a fair trial, and supposed illegal sentence. Miss. Code Ann. § 99-39-27(9).
 ¶ 12. Accordingly, we affirm the decision of the Circuit Court of Clay County dismissing Vance's petition.
 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLAYCOUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTSOF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
[1] Although post-conviction relief motions are technically "civil" actions, they are governed by the rules of criminal appeals, and are thus considered a criminal action for the purposes of this rule. See M.R.A.P. Rule 4 cmt.