GRIFFIS, P.J.,
for the Court:
¶ 1. This case considers the division of property from the divorce of Robert and Vanessa McBride. The parties consented to an irreconcilable differences divorce and allowed the chancellor to resolve certain disputed issues. After a final judgment and two motions to reconsider, Robert appeals the modified judgment of divorce. Robert argues that the chancellor erred when she failed to make findings of fact and conclusions of law as to her consideration of the Ferguson factors and when she modified the original division without a supplemental Ferguson analysis after Robert asked for findings of fact and conclusions of law. Finding reversible error, we reverse and remand for further proceedings consistent with this opinion.
FACTS
¶ 2. Vanessa and Robert were married on August 17, 1995. They have three children. Before the marriage, Robert served seventeen years in the military. In 2005, he retired from the military. The parties have only lived together as husband and wife for about four years of the fifteen-year marriage. For much of the marriage, the parties maintained separate residences and kept all of their affairs separate.
¶ 3. On December 3, 2008, Vanessa filed a complaint for separate maintenance. On September 16, 2009, Robert answered and filed a counterclaim for divorce on the *358 grounds of abandonment, adultery, and habitual cruel and inhuman treatment.
¶ 4. In September 2010, both parties moved to consent to a divorce on the ground of irreconcilable differences and a trial on certain contested matters. The chancellor granted the motion. The issues left for the chancellor to decide were: (1) whether the parties should be ordered to split all the remaining mai'ital assets, such as bank accounts and vehicles, and if so, by what percentage and (2) whether Robert should be ordered to give Vanessa one-half of his retirement funds and to pay the survivor’s benefit.
¶ 5. On December 14, 2010, the chancellor entered a final judgment of divorce, which provided, in pertinent part:
As to the property division of the parties’ personal property, the Court considered the factors set forth in Ferguson v. Ferguson. Additionally, the Court noted that regardless of the length of time that the parties have been legally married, they have effectively lived together as man and wife in the same household for only approximately four (4) years. At all other times, the parties have maintained separate residences, separate bank accounts, and acquired property utilizing their own funds. After applying the Ferguson factors to the facts of the case, the Court finds as follows:
a. Vanessa McBride is entitled to $15,150.00 as equitable distribution from Robert McBride’s assets; and
b. Vanessa McBride is entitled to fifteen percent (15%) of one-half (½) of Robert McBride’s military survivor benefit.
The chancellor further held that “the parties shall retain exclusive use and possession of all personal assets, property, bank accounts, retirement accounts!,] and other property in their respective possession.”
¶ 6. On December 21, 2010, Vanessa filed a motion for reconsideration and challenged the award of part of the military survivor benefit. She argued that such an award was void of value because she could not be entitled to the military survivor benefit if she was not first awarded a portion of Robert’s retirement funds. Vanessa’s motion was heard on February 14, 2011. The record does not include a transcript of those proceedings.
¶ 7. On April 8, 2011, Robert filed a “Motion for Rehearing on Vanessa McBride’s Motion for Reconsideration or, in the Alternative, for New Trial.” Vanessa filed a motion to strike Robert’s motion. Robert then withdrew his motion.
¶ 8. On June 6, 2011, the parties appeared before the court, but the record contains no transcript.
¶ 9. On June 8, 2011, the chancellor granted Vanessa’s motion and modified the judgment and ruled:
a. That in the Final Judgment of Divorce entered on December 14, 2010[,] there was one provision that of the Judgment that was void of value and could not be awarded as written in the Judgment due to a mistake of fact.
b. That an award of fifteen percent (15%) of one-half (1/2) of Robert McBride’s military survivor benefit ... cannot be awarded as the military does not allow such division.
c. That this Court has jurisdiction to award [Vanessa] a portion of [Rob-ertas retirement income according to the Uniformed Services Former Spouses’ Protection Act (USFSPA), specifically 10 U.S.C.A. § 1408.
d. That the Final Judgment of Divorce shall be amended and [Vanessa] is entitled to and shall be awarded fif *359 teen percent (15%) of one-half (1/2) of the disposable income of [Robert]’s military retirement pay.
The order also provided that Robert “shall not be required to maintain the Survivor’s Benefit Plan as to” Vanessa.
¶ 10. On June 20, 2011, Robert filed a motion for reconsideration of the modified award and for findings of fact and conclusions of law. A hearing was held on August 9, 2011, and the record includes a transcript of that hearing. The chancellor denied Robert’s motion on September 29, 2011. Robert filed his notice of appeal on October 20, 2011.
ANALYSIS

1. Whether this Court has jurisdiction to consider this appeal.

¶ 11. We begin our analysis with Vanessa’s jurisdictional argument. She claims that this appeal should be dismissed because Robert’s notice of appeal was untimely. She argues that the chancery court lacked jurisdiction to consider his successive motion for reconsideration, and the order that denied Robert’s motion to reconsider was entered after the trial court’s jurisdiction was exhausted.
¶ 12. There are several dates that are important to this issue:
December 14, 2010 — The chancellor entered a final judgment of divorce.
December 21, 2010 — Vanessa filed a motion for reconsideration.
June 8, 2011 — The chancellor entered an order that granted Vanessa’s motion and modified the final judgment of divorce.
June 20, 2011 — Robert filed a motion for reconsideration and for findings of fact and conclusions of law.
September 29, 2011 — The chancellor entered an order that denied Robert’s motion for reconsideration.
October 20, 2011 — Robert filed his notice of appeal.
¶ 13. Vanessa argues that her motion for reconsideration (under Mississippi Rule of Civil Procedure. 59(a) and (e)) was timely because it was filed within ten days of the December 14, 2010 final judgment. The order on this motion was entered on June 8, 2011. In her brief, Vanessa claims that Robert’s motion was not allowed “as the law only allows one motion for reconsideration/new trial after a judgment is entered.” Yet, Vanessa does not cite any authority for this legal principle.
¶ 14. Vanessa reasons that the September 29, 2011 order that resulted from Robert’s motion for reconsideration (under Rule. 59(e)) and a motion for findings of fact and conclusions of law (under Mississippi Rule of Civil Procedure 52) should be vacated. Then, Vanessa’s brief claims that because the notice of appeal was not filed until October 20, 2011, “over four months after the June 8, 2011 Order, his notice was not timely.” Hence, she claims that this Court does not have jurisdiction to consider this appeal.
¶ 15. The Mississippi Rules of Civil Procedure do not provide for a motion for reconsideration.[1] Nevertheless, motions for reconsideration are filed every day in Mississippi courts. Recently, in Woods v. Victory Marketing., LLC, 111 So.3d 1234, at 1236 (¶¶ 6-8) (Miss.Ct.App.2013), Judge Maxwell, writing for the court, succinctly *360 addressed how courts should treat motions for reconsideration:
The Mississippi Rules of Civil Procedure provide two avenues to move the trial court to reconsider its judgment. The aggrieved party may (1) file a motion for a new trial or to alter or amend under Rule 59 or (2) file for a relief from a final judgment under Rule 60(b). M.R.C.P. 59, 60(b). The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion. A motion to reconsider filed within ten days of the entry of the judgment falls under Rule 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion. M.R.C.P. 59(b), (e); M.R.A.P. 4(d). Consequently, a notice of appeal following the denial of a Rule 59 motion to reconsider encompasses both the denial of reconsideration and the underlying judgment.
But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b). And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal. So a notice of appeal following the denial of a Rule 60(b) motion to reconsider limits this court’s review to whether reconsideration was properly denied under Rule 60(b). This court has no jurisdiction to consider the merits of the underlying judgment.
(Citations omitted).
¶ 16. ? As much as we may like to impose a one-motion-for-reconsideration rule, there is simply no authority to impose such a limitation. Rather than file a motion for reconsideration, counsel would be wise to instead file a properly named motion under Rule 59 or 60.
¶ 17. Robert’s motion to reconsider was filed within ten days of the entry of the chancellor’s final order.[2] As such, Robert’s motion falls under Rule 59 and tolled the thirty-day time period to file a notice of appeal until the disposition of the motion. The motion was disposed of by the chancellor’s order on September 29, 2011, and the notice of appeal was filed on October 20, 2011. Robert’s notice of appeal was timely filed.
¶ 18. This Court has jurisdiction to consider this appeal. Our review will encompass both the denial of reconsideration and the underlying judgment, which was the chancellor’s June 8, 2011 order that modified the final judgment.
2. Whether the chancellor erred when she failed to perform a Ferguson analysis.
¶ 19. Robert argues that the chancellor erred when she modified the original property distribution without a supplemental Ferguson analysis.
¶ 20. The division of marital assets is governed by Hemsley v. Hemsley, 639 So.2d 909 (Miss.1994), and Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994). The chancellor must first determine which assets are marital pursuant to Hemsley. Tynes v. Tynes, 860 So.2d 325, 328 (¶ 6) (Miss.App.2003). Then, considering each party’s nonmarital property, the chancellor equitably divides the marital property using the Ferguson factors as a guide. Id. In Ferguson, the supreme court outlined the factors for a chancellor to consider. Ferguson, 639 So.2d at 928.
¶ 21. The supreme court has held that when a chancellor divides marital *361 property, he must follow the Ferguson factors and make factual findings as to their application. Lee v. Lee, 78 So.3d 826, 329 (¶ 10) (Miss.2012) (citations omitted). The court has noted it is not necessary to “make ‘findings as to each and every factor set forth in Ferguson[.]’ ” Id. (quoting Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997)). Furthermore, the “failure to make an explicit factor-by-factor analysis does not necessarily require reversal where we are satisfied the chancellor considered the relevant facts.” Seghini v. Seghini, 42 So.3d 635, 641 (¶ 21) (Miss.Ct.App.2010) (citation omitted).
¶ 22. The question is whether the chancellor made adequate findings of fact when she divided the marital property. In Lee, the chancellor mentioned Ferguson in his ruling from the beneh, but he did not apply the factors or make factual findings and conclusions of law. Lee, 78 So.3d at 329 (¶ 11). Also, in the final divorce decree, the chancellor failed to mention Ferguson or apply its guidelines. Id. The Mississippi Supreme Court determined this constituted reversible error. Id. at 329-30 (¶14).
¶ 23. Here, we find that the chancellor failed to make adequate findings of fact in the division of marital property. The chancellor mentioned the Ferguson factors in her analysis but did not adequately consider or apply the factors when she made the award. In the order on the motion for reconsideration, the chancellor merely changed the words and offered no further analysis as to the Ferguson factors.
¶ 24. We find that the chancellor committed reversible error. We reverse the chancellor’s final judgment and modified order and remand this case for further proceedings consistent with this opinion.

3. Whether the chancellor erred when she failed to make specific findings of fact and conclusions of law.

¶25. The Court’s ruling above makes this issue moot. Nevertheless, we address it briefly. Robert argues that the chancellor was in error not to make specific findings of fact and conclusions of law, upon his Rule. 52(a) request. Rule 52(a) requires a chancellor to make written finding of fact upon request of a party. “Unless the evidence is overwhelming, it is reversible error for the trial court to refuse, upon request by a party to the litigation, to make specific findings of fact and separately state the conclusions of law on which its decision is based.” West v. West, 891 So.2d 203, 215 (¶35) (Miss.2004) (citation omitted).
¶ 26. The supreme court in Ferguson directed chancellors to “support their decisions with findings of fact and conclusions of law for purposes of appellate review.” Ferguson, 639 So.2d at 928. Here, the chancellor’s final judgment and order made no findings of fact or conclusions of law as to the chancellor’s consideration of the Ferguson factors.
¶ 27. Robert’s June 20, 2011 motion asked the chancellor for findings of fact and conclusions of law that supported the chancellor’s June 8, 2011 order that modified the final judgment of divorce. Rule 52(a) required the chancellor to provide such written findings of fact and conclusions of law. Only with such findings could this Court evaluate why Robert should be required to pay a portion of his retirement pay, that would be paid during his life, instead of the requirement to pay a benefit that would not be paid until his death.
¶ 28. Had we not reversed this case based on the previous section, we would have had to reverse and remand on this issue.
*362 ¶ 29. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. "A motion for reconsideration requesting a change in the result of a bench trial has been deemed to be a motion to alter or amend the judgment pursuant to Mississippi Rule of Civil Procedure 59(e).” Street v. Street, 936 So.2d 1002, 1008 (¶ 15) (Miss.Ct.App.2006) (citing In re Estate of Stewart, 732 So.2d 255, 257 (¶ 8) (Miss.1999)).

. For clarity, we note that the chancellor's order was entered on June 8, 2011. When the ten day period is computed, under M.R.C.P. 6(a), the tenth day fell on a Saturday. As a result, the motion was timely filed on Monday, June 20, 2011.