ISHEE, J.,
dissenting:
¶ 13. The majority opinion states that “the chancellor was justified in summarily denying William’s request for written findings of fact and conclusions of law” related to the decision to deny the Rule 60(b) motion. I respectfully dissent.
¶ 14. William’s final motion prior to this appeal was filed pursuant to Rule 52(a) of the Mississippi Rules of Civil Procedure. Rule 52(a) provides, in pertinent part, that “[i]n all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.” This Court has previously found that “[u]nless the evidence is overwhelming, it is reversible error for the trial court to refuse, upon request by a party to the litigation, to make specific findings of fact and separately state the conclusions of law on which its decision is based.” McBride v. McBride, 110 So.3d 356, 361 (¶ 25) (Miss. Ct.App.2013) (citing West v. West, 891 So.2d 203, 215 (¶ 35) (Miss.2004)).
¶ 15. The majority does not believe that Rule 52(a) is applicable in this case, but I disagree. Although this Court has held that a “[Mississippi] Rule [of Civil Procedure] 56 summary judgment hearing is not an action tried upon the facts without a jury so as to trigger Rule 52 applicability,” a Rule 56 motion for summary judgment is distinguishable from the current Rule 60 motion. Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC, 119 So.3d 338, 345 (¶ 23) (Miss.Ct.App.2012). A motion for summary judgment is granted when “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). However, in this *77 case I believe that there are genuine issues of material fact that need clarification. The comment to Rule 52(a) states that “[t]he principal purpose of the rule is to provide the appellate court with a record regarding what the trial court did — the facts it found and the law it applied.” In the order denying William’s Rule 60(b) motion, the chancery court failed to give any factual basis or legal reason for its ruling, and, after a review of the record in this case, I cannot find that the evidence is overwhelming to excuse the chancery court from making findings of fact or conclusions of law. “This Court will remand for findings of fact and conclusions of law where it is not obvious from a review of the record such that the absence of written findings may be excused.” Carpenter v. Berry, 58 So.3d 1158, 1161 (¶ 14) (Miss.2011). I believe that the chancery court’s denial of William’s Rule 52(a) motion was an abuse of discretion. Therefore, I would reverse the judgment of the chancery court and remand for written findings of fact.
BARNES AND JAMES, JJ., JOIN THIS OPINION.