## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CP-01610-COA

**JOE S. CANE A/K/A JOE CANE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

DATE OF JUDGMENT:              06/03/2014
TRIAL JUDGE:                         HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:    OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOE S. CANE (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                     BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED APPELLANT'S MOTION
                                     FOR POST-CONVICTION RELIEF
DISPOSITION:                      APPEAL DISMISSED – 12/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Joe Cane appeals the judgment of the Oktibbeha County Circuit Court dismissing his motion for post-conviction relief (PCR), which waged a collateral attack on his convictions for sexual battery and exploitation of a child. On appeal, Cane raises several interrelated issues, including (1) whether the circuit court erred in refusing to consider the minor an adult, and thus capable of consent, and (2) whether the circuit court erred in finding that Cane was in a position of trust over the minor. Finding Cane's notice of appeal to be untimely, we dismiss his appeal for lack of jurisdiction.

FACTS

¶2. On March 23, 2009, Nina Cane contacted Deputy Brett Watson of the Oktibbeha County Sheriff's Department and alleged that her estranged husband, Cane, had nude photographs of the Canes' minor niece (the minor) on his cell phone. The minor, who was seventeen years old at the time, had lived with the Canes after her relocation from Pennsylvania. Nina informed Deputy Watson that she suspected that Cane and the minor had engaged in sexual relations while the minor was living at the Canes' home. In his affidavit, Deputy Watson stated that Cane and Nina were guardians of the minor, a fact that Cane disputes. On March 24, 2009, Deputy Watson interviewed the minor, who admitted both that she was the subject of nude photographs on Cane's cell phone and that she had engaged in sexual activity with Cane. Cane was subsequently arrested for sexual battery.

¶3. On July 15, 2009, an Oktibbeha County grand jury indicted Cane pursuant to Mississippi Code Annotated sections 97-3-95 (Rev. 2014) and 97-5-33 (Rev. 2014), respectively, for two counts of sexual battery and one count of possessing a photograph of a child engaged in sexually explicit conduct. On February 1, 2010, Cane pleaded guilty in Oktibbeha County Circuit Court to one count of sexual battery[1] and one count of exploitation of a child. The circuit court sentenced Cane to serve two concurrent eight-year sentences in the custody of the Mississippi Department of Corrections, followed by a five-year period of post-release supervision.

¶4. On August 11, 2011, Cane, acting pro se, filed his first petition for post-conviction

---

[1] One count of sexual battery was retired to the files.

relief (PCR), alleging that the State had violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. *Cane v. State*, 109 So. 3d 568, 570 (¶4) (Miss. Ct. App. 2012). Specifically, Cane argued: (1) his guilty plea was not entered intelligently and voluntarily; (2) the facts were insufficient to convict him of sexual battery and child exploitation; (3) he was deprived of effective assistance of counsel; and (4) he was deprived of his right to a speedy trial. *Id*. at (¶5). The circuit court summarily denied Cane's petition, and he appealed. *Id*. at (¶4). This Court affirmed the circuit court's denial. *Id*. at 571 (¶17).

¶5.     On April 24, 2013, Cane, acting pro se, filed a "Writ of Error Coram Nobis"[2]—which the circuit court treated as a second PCR petition—alleging that because the seventeen-year-old minor was emancipated, she should have been considered an adult and, therefore, legally capable of consent. Cane also argued that he was not in a position of trust over the minor. On June 3, 2014, the circuit court dismissed Cane's petition, finding it to be a subsequent and frivolous motion. Cane did not receive notice of the circuit court's judgment until June 19, 2014, at the correctional facility where Cane was being held. Cane filed a motion for reconsideration on June 26, 2014, which was received by the circuit clerk on June 30, 2014. In his motion for reconsideration, Cane alleged that newly changed law—Mississippi Code

---

[2] Writs of error coram nobis were historically "used to raise issues of fact that affected the validity of a judgment but which were unknown until after a judgment was entered." *Hester v. State*, 749 So. 2d 1221, 1223 (¶11) (Miss. Ct. App. 1999). Enactment of Mississippi Code Annotated section 99-39-3 (Rev. 2015) abolished writs of error coram nobis; section 99-39-3(1) provides that "[t]he relief formerly accorded by such writs may be obtained by an appropriate motion under [the Uniform Post-Conviction Collateral Relief Act]."

Annotated section 47-7-2 (Rev. 2015)—classifies a seventeen-year-old as an adult and retroactively voids his conviction; additionally, Cane reasserted that he was not in a position of trust over the minor. The circuit court dismissed Cane's motion for reconsideration on August 7, 2014.

¶6. On August 25, 2014, Cane filed a notice of appeal regarding his dismissed Writ of Error Coram Nobis, which had been dismissed by the circuit court on June 3, 2014. On October 13, 2014, Cane filed a "Petition for Constitutional Challenge," which the circuit court dismissed on October 31, 2014. Cane did not file a notice of appeal from the dismissal of his Petition for Constitutional Challenge. However, in his appellate brief, Cane addresses each decision of the circuit court that denied him the relief that he requested.

DISCUSSION

¶7. "This Court must have jurisdiction to consider this appeal." *Vance v. State*, 941 So. 2d 225, 227 (¶5) (Miss. Ct. App. 2006). "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Bailey v. Chamblee*, 192 So. 3d 1078, 1081-82 (¶11) (Miss. Ct. App. 2016) (citations omitted). Here, neither of the parties discusses the timeliness of Cane's notice of appeal; however, we are required to note when an untimely appeal precludes us from having jurisdiction to hear the appeal.

¶8. Cane filed his Writ of Error Coram Nobis on April 24, 2013. The trial court dismissed it on June 3, 2014. Rather than filing a notice of appeal after receiving the notice of

judgment on June 19, 2014, dismissing his writ, Cane filed a motion for reconsideration on June 26, 2014, which was dismissed by the circuit court on August 7, 2014. On August 25, 2014, Cane filed his notice of appeal regarding the June 3, 2014 dismissal of his Writ of Error Coram Nobis. Rule 4(a) of the Mississippi Rules of Appellate Procedure requires that a notice of appeal be filed with the trial court within thirty days of the entry of judgment from which the appeal stems. Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure mandates that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." As Cane filed his notice of appeal more than thirty days after the judgment was entered on June 3, 2014, his notice of appeal was untimely, and this appeal must be dismissed unless Cane is afforded some avenue of relief through other Mississippi rules or case law.

¶9.    Of note is the fact that Cane did not receive notice of the order dismissing his PCR motion until June 19, 2014—sixteen days after the order was entered. Rule 77(d) of the Mississippi Rules of Civil Procedure provides: "Immediately upon the entry of an order or judgment[,] the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service." However, the "[l]ack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure." *Id.*

5

¶10.    "Mississippi Rule of Appellate Procedure 4(d) provides a litany of 'post trial' motions which, if timely filed, will toll the time for [filing] a [n]otice of [a]ppeal." *Byrd v. Biloxi Reg'l Med. Ctr.*, 722 So. 2d 166, 169 (¶12) (Miss. Ct. App. 1998).  A motion for reconsideration—although technically not recognized by the Mississippi Rules of Civil Procedure—may toll the time for filing a notice of appeal if it is filed within ten days from the entry of the judgment sought to be amended. *McBride v. McBride*, 110 So. 3d 356, 359 (¶15) (Miss. Ct. App. 2013).  Under such circumstances, the motion would be considered a motion to alter or amend the judgment under Rule 59 of the Mississippi Rules of Civil Procedure.  *McBride*, 110 So. 3d at 359 (¶15).  "But a motion to reconsider filed more than ten days after the entry of the judgment falls under Rule 60(b) [of the Mississippi Rules of Civil Procedure].  And a Rule 60(b) motion does not toll the thirty-day time period to file a notice of appeal." *McBride*, 110 So. 3d at 360 (¶15) (quoting *Woods v. Victory Mktg., LLC*, 111 So. 3d 1234, 1236 (¶¶6-8) (Miss. Ct. App. 2013)).  As Cane's motion for reconsideration was filed more than ten days after entry of the judgment dismissing his PCR motion, it must be deemed a Rule 60(b) motion, which, as stated, does not toll the thirty-day time period for taking an appeal.

¶11.    Nor does Rule 4(h) of the Mississippi Rules of Appellate Procedure offer Cane any relief.  "If a party does not receive notice of a court order or receives notice so late it impairs the opportunity to file a timely notice of appeal, that party may seek relief under Rule 4(h)." *Cuevas v. Ladner*, 86 So. 3d 936, 938 (¶7) (Miss. Ct. App. 2012) (citations omitted).  Rule

6

4(h) provides:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Rule 4(h) is inapplicable to the matter at hand because Cane received notice of the order dismissing his PCR motion within twenty-one days of its entry.

¶12. Similarly, Rule 4(g) of the Mississippi Rules of Appellate Procedure "provides a potential remedy for appellants who, for whatever reason, do not timely file their notice of appeal because Rule 4(g) empowers the trial court to extend the time to appeal from the trial court's ruling upon a showing of excusable neglect." *Byrd*, 722 So. 2d at 170 (¶15). Rule 4(g) states:

> The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

However, Rule 4(g) is also inapplicable to Cane's case because Cane never filed a motion for an extension of time to file his notice of appeal.

¶13. The only other potential source of relief for Cane is Rule 2(c) of Mississippi Rules of

7

Appellate Procedure, which provides:

> In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.

A comment to Rule 2(c) states that "because procedures for criminal appeals apply to post-conviction relief proceedings, Miss. Code Ann. § 99-39-25[(1)];[3] *Williams v. State*, 456 So. 2d 1042, 1043 (Miss. 1984), the Supreme Court may suspend the rules and extend the time for taking an appeal in those proceedings." M.R.A.P. 2(c) cmt. Likewise, this Court held in *Vance*, 941 So. 2d at 227 (¶6), that the Court of Appeals "may suspend the requirements of the appellate rules"—specifically, Rule 4(a)—to allow an out-of-time appeal in post-conviction-relief proceedings where doing so would be "in the interest of justice." (Citations omitted). Thus, the question we must address is whether it is in the interest of justice for us to exercise our authority under Rule 2(c) to suspend Rule 4(a) and allow Cane's appeal to be heard.

¶14. As stated, Cane suffered a sixteen-day delay in receiving notice of the order dismissing his motion for reconsideration. This Court addressed a similar delay in *Davis v. State*, 36 So. 3d 456, 459-60 (¶11) (Miss. Ct. App. 2010). In *Davis*, the circuit court

---

[3] Mississippi Code Annotated section 99-39-25(1) (Rev. 2015) provides that "[a] final judgment under this article may be reviewed by the [S]upreme [C]ourt of Mississippi on appeal brought either by the prisoner or the [S]tate on such terms and conditions as are provided for in criminal cases."

dismissed appellant George Davis's motion for an out-of-time appeal on January 11, 2007. *Id.* Apparently, Davis did not learn that his motion had been denied until March 5, 2007, when the clerk of the Mississippi Supreme Court sent a letter to Davis, informing him that the circuit court had denied his motion for an out-of-time appeal. *Id.* On March 20, 2007—fifteen days after receiving the letter from the supreme-court clerk—Davis filed a notice of appeal with the circuit court regarding the January 11, 2007 order. *Id.* This Court found that, although Davis's notice of appeal was untimely filed, as it was filed more than thirty days after January 11, 2007, the record indicated that he "may not have been aware of the entry of the circuit court's judgment on January 11," and that it was "in the interest of justice" to hear his appeal because "failure to perfect the appeal was through no fault of his own." *Id.* at (¶¶9, 11) (quotation marks omitted) (quoting *Parker v. State*, 921 So. 2d 397, 399 (¶5) (Miss. Ct. App. 2006)). Consequently, pursuant to Rule 2(c), we suspended the thirty-day filing requirement and allowed Davis's appeal to proceed even though the notice of appeal was not timely filed. *Davis*, 36 So. 3d at 459-60 (¶11).

¶15. Here, Cane filed his notice of appeal nearly three months after the date on which judgment was entered from which he sought to appeal. It appears that Cane mistakenly believed he had thirty days from the denial of his motion for reconsideration on August 7, 2014, to file his notice of appeal. This case is similar to *Davis* in that like Davis, Cane belatedly received notice of the order from which he sought to appeal. However, unlike Davis, Cane did not file a notice of appeal within thirty days of the date he received notice

that an order had been entered denying his PCR motion. Cane still had fourteen days—from June 19, 2014, the date on which he received notice that his PCR motion had been denied, to July 3, 2014—in which he could file a timely notice of appeal. As Cane waited an additional thirty-three days to file his notice of appeal—and there are no extraordinary circumstances—we decline to find that it is "in the interest of justice" to suspend the thirty-day requirement in this case. This is particularly true here, where the PCR motion in dispute is the second that Cane has filed, and Cane is asserting the same substantive issues in this PCR motion as he asserted in his first one, albeit packaged differently. Therefore, we must dismiss Cane's appeal as untimely.

¶16.   **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**