# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00064-COA

**DONNELL TINGLE A/K/A DONNELL T. TINGLE A/K/A DONNELL DEMETRIUS TINGLE**                                      APPELLANT

v.

**STATE OF MISSISSIPPI**                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2018 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONNELL TINGLE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 11/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND TINDELL, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Donnell Tingle appeals the Lauderdale County Circuit Court's denial of post-conviction collateral relief (PCR). Finding that we lack appellate jurisdiction, we dismiss Tingle's appeal.

## FACTS AND PROCEDURAL HISTORY

¶2.     In May 2016, Tingle was indicted for "Burglary of a Nondwelling" after he allegedly broke into a building and stole tires from a Jeep Wrangler. The indictment also charged Tingle with being a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015).

¶3. On September 7, 2016, Tingle pled guilty, and the circuit court sentenced him as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) to serve seven years in the custody of the Mississippi Department of Corrections. Tingle was also ordered to pay $3,320.50 in restitution, fines, and court costs.[1]

¶4. On May 9, 2018, Tingle filed a PCR motion in the circuit court. He claimed that his indictment was not properly read to the grand jury, he should have been indicted for petit larceny and trespassing, and he received ineffective assistance of counsel.[2]

¶5. While Tingle's first PCR motion was pending, Tingle filed a second PCR motion on September 25, 2018. In that motion, he claimed that his indictment was void, there was no factual basis for his guilty plea, and he received ineffective assistance of counsel.[3] Under the "Ineffective Assistance of Counsel" heading, Tingle asserted among other things that his attorney threatened "a possible life sentence to persuade [him] to accept the [guilty] plea."

¶6. On October 8, 2018, the circuit court denied post-conviction relief. Subsequently, Tingle filed a motion to correct his second PCR motion, which the court denied on November 6, 2018. The court noted, "[Tingle] believes the [c]ourt failed to notify him of some deficiency with his [m]otion, causing it to be dismissed. [Tingle] is incorrect. The

---

[1] As part of the plea agreement, the court consented to a nolle prosequi for a charge of receiving stolen property.

[2] Tingle argued that his attorney was ineffective because he did not help him, withheld discovery, "did not . . . assert [his] constitutional rights," allowed the proceeding to take place knowing that his fundamental constitutional rights had been violated, and forced him into pleading guilty by threatening him with a life sentence.

[3] Tingle argued that his attorney was ineffective for failing to "demur the void indictment" and failing to object to the lack of a factual basis.

[p]etition was [denied] because [Tingle] failed to meet his burden of proof." Tingle also filed a motion to amend his filings on November 20, 2018, to correct the county listed on two documents.

¶7.     On December 6, 2018, Tingle appealed, claiming (1) the indictment failed to charge him with the essential elements of the crime; (2) he should have been indicted for trespassing; (3) his guilty plea was involuntary; and (4) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶8.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶9.     "This Court must have jurisdiction to consider this appeal." *Cane v. State*, 206 So. 3d 1268, 1271 (¶7) (Miss. Ct. App. 2016) (quoting *Vance v. State*, 941 So. 2d 225, 227 (¶5) (Miss. Ct. App. 2006)). Although "the State has not challenged appellate jurisdiction, we must determine whether jurisdiction exists." *Hunt v. State*, 11 So. 3d 764, 766 (¶5) (Miss. Ct. App. 2009). Mississippi Rule of Appellate Procedure 4(a) provides that a notice of appeal shall be filed within thirty days "after the date of entry of the judgment or order appealed from." And Mississippi Rule of Appellate Procedure 2(a)(1) states that "[a]n

3

appeal shall be dismissed if the notice of appeal was not timely filed . . . ."

¶10. Here, the circuit court denied Tingle's PCR motions on October 8, 2018. According to Rule 4(a), Tingle had until November 7, 2018, to file his notice of appeal. However, Tingle's notice of appeal was stamped "filed" on December 6, 2018.[4]

¶11. Because Tingle's motion was pro se and he was incarcerated when he mailed the notice of appeal, the prison mailbox rule applies. *Sykes v. State*, 757 So. 2d 997, 1000-01 (¶14) (Miss. 2000). The prison mailbox rule states that a prisoner's motion is delivered for filing on the date that the prisoner submitted the papers to prison authorities for mailing. *Id*.

¶12. In his motion to correct his second PCR motion, Tingle stated that he received the order denying post-conviction relief "[o]n or about the 8th day of October 2018." Although his notice of appeal is not dated, the certificate of service is dated November 29, 2018. Even if Tingle had submitted his notice of appeal to prison authorities on November 29, 2018, it was still approximately three weeks late.

¶13. This Court "'may suspend the requirements of the appellate rules'—specifically, Rule 4(a)—to allow an out-of-time appeal in post-conviction-relief proceedings where doing so would be 'in the interest of justice.'" *Cane*, 206 So. 3d at 1273 (¶13) (quoting *Vance*, 941 So. 2d at 227 (¶6)). However, we decline to find that it is "in the interest of justice" to suspend the thirty-day requirement in this case. This is particularly true here, where Tingle raises the

---

[4] Mississippi Rule of Appellate Procedure 4(e) provides that "[i]f a defendant makes a timely motion (1) for judgment of acquittal notwithstanding the verdict of the jury, or (2) for a new trial under MRCrP 25.1, the time for appeal for all parties shall run from the entry of the order denying such motion." After the court entered its order denying post-conviction relief, Tingle filed a motion to correct his PCR motion and a motion to amend. However, Rule 4(e) does not contemplate either of these motions.

specifics of his ineffective-assistance-of-counsel claim for the first time on appeal and where his remaining claims that the indictment failed to charge him with the essential elements of the crime, that he should have been indicted for trespassing, and that his guilty plea was involuntary, upon review, appear meritless. Therefore, we dismiss Tingle's appeal as untimely.

¶14. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, TINDELL, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD AND LAWRENCE, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**