GRIFFIS, P.J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is denied, and our original opinion is withdrawn with this opinion substituted in lieu thereof.
¶ 2. Bruce Bradley Sr. appeals his conviction for aggravated assault under Mississippi Code Annotated section 97-3-7(2) (Rev.2006). He claims that the circuit judge improperly denied his request for a mental evaluation to determine whether he was fit to stand trial. We find no error and affirm.
FACTS
¶ 3. Bradley attended the 2009 Roast and Boast, a local music and food festival held at the Lowndes County Fairgrounds. Drew Toler was also at the festival with a group of his coworkers and customers. Near the end of the evening, Toler and a couple of his friends went over to the stage to listen to the band.
¶ 4. Toler testified Bradley spun him around and accused him of stealing a beer from Bradley’s cooler. Toler claims he cooly responded that he had not stolen the beer. Then, Bradley punched Toler in the face while holding a beer can in his punching hand. Karen Smith and Keegan Hayes, two of Toler’s friends, corroborated Toler’s version of the incident.
¶ 5. Bradley testified Toler took a beer from Bradley’s cooler and left an empty can sitting on top of the cooler. When Bradley returned the empty can and asked Toler for his beer back, Toler attempted to stuff the empty can in Bradley’s shirt pocket. Bradley admitted he punched To-ler, but he insisted that there was no beer can in his hand when he hit Toler.
¶ 6. Dr. James Monroe, an emergency-room physician, testified he examined To-ler later that evening. Toler’s eye was severely swollen and bleeding. After conducting a CAT scan, he determined several bones around Toler’s eye were fractured. He referred Toler to a specialist, and Toler had surgery to repair those fractures.
¶ 7. Bradley was charged with aggravated assault. The case was initially set for trial on May 24, 2010, but was reassigned to a different circuit judge and continued until August 23, 2010. On that morning, Bradley’s attorney filed a petition to deter *1095 mine Bradley’s mental competency. The petition claimed that Bradley’s attorney had reasonable cause to believe Bradley might be so mentally incompetent he could not understand the proceedings against him or properly assist in his defense.
¶ 8. Bradley’s mother, Janice Gore, testified Bradley had been living with his girlfriend until about a week before trial, when he moved into a shed next to his grandmother’s house. Bradley’s mother said that dealing with him was like dealing with a child. She testified she took care of Bradley’s cooking, cleaning, and other household chores. But she said he could perform such tasks if he had a space to do so.
¶ 9. Bradley presented inadmissable evidence he was disabled due to mild mental retardation, obesity, sleep apnea, and hypertension. This evidence was an unspon-sored letter written by an attorney, who apparently had represented Bradley in proceedings to receive disability benefits. The letter noted Dr. James R. Lane determined Bradley had a full-scale IQ of 58, a verbal IQ of 63, and a performance IQ of 58. Dr. Lane found that Bradley was not able to maintain concentration or attention. The letter states Bradley received social promotions until the eleventh grade, and Bradley was fired from most of his jobs because he could not stay awake.
¶ 10. Wyatt Mills, the probation officer who conducted Bradley’s pre-sentence report, testified Bradley was able to communicate with him effectively. Bradley understood and answered the questions posed by Mills. Mills testified one of the questions he asked was whether Bradley had any physical or mental handicaps, and Bradley did not report any. The pre-sentence report showed that Bradley had no history of alcohol or drug abuse. Additionally, Bradley had been employed as both a truck driver and laborer.
¶ 11. Upon hearing this evidence, the circuit judge concluded that there was no indication that Bradley suffered from a mental defect that would cause him to be unable to understand that nature and consequences of the trial. There was no indication that he would not be able to assist in his defense. Therefore, the circuit judge denied the petition for a determination of mental competency.
¶ 12. Bradley proceeded to trial, and the jury found him guilty of aggravated assault. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years suspended. Bradley was further sentenced to five years of post-release supervision.
STANDARD OF REVIEW
¶ 13. Constitutional due process requires that a person accused of a crime may only be tried if he is legally competent. Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980). Uniform Rule of Circuit and County Court 9.06 requires a trial court to order a defendant to undergo a mental examination if, upon “its own motion or upon motion of an attorney, [the trial court] has reasonable ground to believe that the defendant is incompetent to stand trial[.]” The determination of whether a trial court has a “reasonable ground” to suspect incompetency is addressed to the discretion of the trial judge. Harden v. State, 59 So.3d 594, 601 (¶ 14) (Miss.2011).
¶ 14. The standard of review for an appellate court to determine if there was an abuse of discretion is whether “the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant’s competence and alerted [the judge] to the possibility that the defendant could neither *1096 understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense.” Goff v. State, 14 So.3d 625, 644 (¶ 66) (Miss.2009) (quoting Conner v. State, 632 So.2d 1239, 1248 (Miss.1993)(overruled on other grounds by Weatherspoon v. State, 732 So.2d 158 (Miss.1999)).
ANALYSIS
¶ 15. In this case, the circuit judge heard testimony showing Bradley had lived in the community, had worked at least part-time, and could take care of his basic needs. The circuit, court heard testimony that Bradley answered questions in his pre-sentence investigation that included whether he suffered any mental defect, and nothing indicated he was not competent to assist in his own defense or understand the nature of the proceedings and charges brought against him. The circuit judge characterized the evidence introduced to support the petition for a determination of Bradley’s mental capacity as “a letter ... from an attorney who I think kind of specialized in bankruptcy, for one thing, and also represent[ed] people before the Social Security Administration.”
¶ 16. The circuit judge also noted, “I don’t even have copies of these tests.” So, at the time the circuit judge was called upon to determine whether or not to order the competency evaluation, which counsel had not sought until the very day of trial, the only information he had before him was Bradley’s mother’s testimony that he functioned in society, but with difficulty, and an unsponsored letter that referenced intelligence scores from an unknown test.
¶ 17. While there is no precise statement of what quantum of evidence necessitates a trial judge to order a mental evaluation, the United States Supreme Court has explained “evidence of a defendant’s irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required.” Drope v. Missouri, 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); see also Staten v. State, 989 So.2d 938, 946 (¶¶ 18-19) (Miss.Ct.App.2008). The record shows that when Bradley’s attorney moved for a competency hearing, the circuit judge had information that supported either granting or denying the motion. But, the circuit judge found, on balance, more information supported denying the motion.
¶ 18. Our review is limited to abuse of discretion. Harden, 59 So.3d at 601 (¶ 14). Mills testified Bradley was able to communicate effectively and did not report any mental disability when Mills asked if he had any such disability. Given the limited information the circuit judge had before him when he ruled on the motion for a competency evaluation, we do not find, he abused his discretion in denying it.
¶ 19. However, Uniform Rule of Circuit and County Court 9.06 provides a trial judge’s duty to order a competency evaluation extends into the trial itself, and if it becomes apparent during trial that a defendant may be incompetent, then an examination should be ordered. In this case, Bradley’s own testimony at trial showed the circuit judge was correct in determining Bradley was competent to aid his own defense and understand the nature of the charge against him. Bradley testified he had lived in Lowndes County for thirty-six years and fathered two children.
¶ 20. Bradley testified he purchased a ease of beer and put it in his cooler prior to attending the Roast and Boast. When he got to the Roast and Boast, he put his cooler at his “family’s booth.” Bradley testified he only struck the victim after the victim stole a beer from his cooler and provoked him by trying to place an empty beer can in his shirt pocket and laughing *1097 at him. Bradley referred to the incident at issue as “just a fight.”
¶ 21. On cross-examination, Bradley reiterated he only struck the victim with his fist, and denied using any “blunt object,” such as a “beer bottle,” to inflict the injuries to the victim’s eye socket. Further, Bradley was steadfast in claiming that the victim struck him in the eye with a fist, and he suffered a cut and black eye. The record shows Bradley understood the questions posed by his own attorney as well as the prosecutor and answered them fully and logically.
¶22. Bradley’s counsel asserts Bradley’s incompetence is shown by Bradley’s failure to disclose the name of a witness who Bradley testified was standing near his cooler at the Roast and Boast and who could have testified in support of Bradley’s contention that he was not the aggressor. Further, Bradley’s counsel argues Bradley did not disclose to him the name of an emergency medical technician (EMT) who treated injuries Bradley contended the victim inflicted upon him.
¶23. However, on cross-examination, the prosecutor called into question Bradley’s veracity by asking him why he had not disclosed these names. Bradley answered simply that he chose not to do so. This non-disclosure did not necessarily show incompetence. Rather, the cross-examination implied Bradley had invented fictional witnesses and testified falsely about what had occurred. The circuit judge is best suited to judge the demeanor of witnesses. Thus, nothing in the record shows the circuit court abused its discretion when it did not order a competency hearing. Therefore, there cannot be any error.
¶24. We find Bradley failed to show there was any reasonable ground to conclude he was not competent to stand trial, and the trial court did not abuse its discretion in denying the petition to determine competency. Thus, Bradley’s assignment of error is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS TO SERVE, TEN YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.