# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01793-COA

JOSHUA WAYNE PROKASY A/K/A JOSHUA W.  
PROKASY A/K/A JOSHUA PROKASY

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2014 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES HUNTER NOLAN AIKENS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL BY: SCOTT STUART JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, ARMED ROBBERY, AND SENTENCED TO TWENTY-FIVE YEARS, WITH TWENTY YEARS TO SERVE AND FIVE YEARS OF POST-RELEASE SUPERVISION; AND COUNT II, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCED TO FIVE YEARS AND TO PAY A $2,500 FINE AND $7,500 TO THE PUBLIC-DEFENDER FUND; WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 04/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Joshua Prokasy was convicted of armed robbery and conspiracy to commit armed robbery. In this appeal, he argues that the trial court erred when it: (1) denied his request for a mental examination, (2) failed to instruct the jury fully on the conspiracy charge, and (3) responded to the jury's question during the deliberations. We find no error and affirm.

FACTS

¶2. On the morning of Easter Sunday, March 31, 2013, Samantha Jo Brumfield robbed a Kangaroo convenience store in Poplarville, Mississippi. Prokasy is Brumfield's husband, and he was parked behind the building in their car.

¶3. Kristin Burge was the cashier at the Kangaroo store that morning. Burge testified that Prokasy walked in the store minutes before Brumfield. Prokasy went to the restroom and then exited the store. Then, Brumfield entered the store and pointed a gun at Burge's head and demanded money. Burge complied. Prokasy and Brumfield fled in their vehicle.

¶4. Prokasy and Brumfield were later arrested in Louisiana for an incident unrelated to the robbery. Officer John Kramer, of the Poplarville Police Department, investigated the robbery and determined that Prokasy and Brumfield were suspects. He then traveled to Louisiana to interview Prokasy. At that time, Prokasy gave a written statement and confessed to the robbery.

¶5. At trial, Prokasy was convicted of armed robbery and conspiracy to commit armed robbery. For armed robbery, he was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to serve and five years on post-release supervision. He was also sentenced to five years for the conviction of conspiracy to

2

commit armed robbery.  The sentences were ordered to run concurrently.

ANALYSIS

    I.     *Whether the trial court erred in denying Prokasy's motion for a mental examination*.

¶6.    Prokasy argues that the trial court erroneously denied him a mental evaluation and that the evaluation was necessary to determine whether he was competent to stand trial.

¶7.    On March 20, 2014, Prokasy filed a motion for a psychiatric examination as to his competence to stand trial.  On April 2, 2014, Prokasy filed another motion for a psychiatric examination.  On May 8, 2014, the circuit court held a hearing on the motions.

¶8.    "In order to be deemed mentally competent to stand trial, a defendant must have the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Coleman v. State*, 127 So. 3d 161, 164 (¶8) (Miss. 2013).  Uniform Circuit and County Court Rule 9.06 provides:

> COMPETENCE TO STAND TRIAL
>
> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.
>
> After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial.  If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record and the case will then proceed to trial.  If the court finds that the defendant is incompetent to stand trial, then the court shall commit the defendant . . . .

¶9.    The trial courts are afforded broad discretion in determining whether to order a mental evaluation and competency hearing. *Harden v. State*, 59 So. 3d 594, 603 (¶19) (Miss. 2011). In determining whether there was an abuse of discretion, this Court considers whether "the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted the judge to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Bradley v. State*, 116 So. 3d 1093, 1095-96 (¶14) (Miss. Ct. App. 2013) (quoting *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009)).

¶10.    The May 8, 2014 hearing considered the first paragraph of Rule 9.06 – whether the court "has reasonable ground to believe that the defendant is incompetent to stand trial." The circuit court ruled that Prokasy was competent to stand trial and did not order a psychiatric examination.

¶11.    Prokasy contends that his post-traumatic stress disorder (PTSD), depression, anxiety, and substance abuse constituted reasonable grounds for the trial court to grant his motion for a mental examination. Prokasy testified that he previously served in the army for six years. He was honorably discharged after incurring an injury in a Humvee accident while stationed in Iraq. Due to this accident, he suffered from PTSD and chronic physical pain related to his injuries. He took various medications to deal with these issues, and when those medications were unavailable, he resorted to the use of heroine, cocaine, and alcohol.

¶12.    The court conducted an extensive examination of Prokasy and asked about his background, military service, medication, disability, and general knowledge as to the

4

proceedings before the court. In his response to these questions, Prokasy indicated that he clearly understood the role of the attorneys and the role of the judge. He testified that he recently completed his training to become a motorcycle tech before his arrest. Prokasy was able to articulate complete answers to all of the questions and able to explain his medical problems to the judge. He testified that he would be able to provide his attorneys with everything they needed to defend him. Counsel was allowed to participate and offer any additional information for the court to consider.

¶13. We find that the circuit court was within its discretion under Rule 9.06 to conclude that there were not reasonable grounds to believe that Prokasy was incompetent to stand trial. As a result, we find no error in the court's decision to deny Prokasy's motion that requested a mental examination.

*II. Whether the jury instructions improperly lacked a venue instruction.*

¶14. Next, Prokasy argues that the jury instruction regarding conspiracy lacked essential elements of the crime, namely venue.

¶15. "Failure to instruct the jury on the essential elements of the crime is plain error." *Rogers v. State*, 95 So. 3d 623, 632 (¶30) (Miss. 2012). Venue is considered an essential element to a criminal prosecution. *Id.* However, on review, "[j]ury instructions are to be read together and taken as a whole with no one instruction taken out of context." *Austin v. State*, 784 So. 2d 186, 192 (¶18) (Miss. 2001).

¶16. The jury instructions, when reviewed as a whole, do address the element of venue. Prokasy claims that Instruction 10, on the conspiracy charge, should have had a statement as

5

to venue. However, Instruction 9, on the armed-robbery charge, addressed venue by requiring the jury to find "beyond a reasonable doubt[] that [the crime occurred] . . . *in Pearl River County[,] Mississippi . . . .*" (Emphasis added).

¶17. We find that the jury instructions, when read as a whole, do ask the jury to make a finding on venue. We find this issue is without merit.

> III. *Whether the trial court erred in responding to the jury's question during deliberations*.

¶18. Prokasy's final claim is that the circuit court committed plain error in answering a jury question during the jury's deliberations. During deliberations, the jury presented two questions: (1) "If the defendant is found guilty of conspiracy, is he therefore guilty of armed robbery?" and (2) "Can we find him guilty of aiding/planning in the robbery and not guilty of armed robbery?" The trial court answered both questions, "No." Prokasy claims error as to the second question.

¶19. "When reviewing a trial court's response to the jury's inquiry, this Court's inquiry is not whether the trial court was 'right or wrong' in its response, but whether the trial court abused its discretion." *Galloway v. State*, 122 So. 3d 614, 634 (¶36) (Miss. 2013) (citing *Hooten v. State*, 492 So. 2d 948, 950 (Miss. 1986)). Furthermore, "[u]nless the trial court based [its] decision on an erroneous view of the law, this Court is not authorized to reverse for an abuse of discretion absent a finding the trial court's decision was 'arbitrary and clearly erroneous.'" *Id.*

¶20. Prokasy argues that the second question and the subsequent answer implied that the jury should convict Prokasy of armed robbery if he aided or planned the robbery without

6

consideration of intent. The supreme court has reversed cases where the given instructions seemed to direct the jury to convict if they found the defendant guilty of only one element. *Berry v. State*, 728 So. 2d 568, 571 (¶9) (Miss. 1999). However, here, the jury instructions, when considered as a whole, cure any error that may have occurred from a misleading instruction. *See id.* Instruction 8, which includes the "aided and abetted" language that the jurors questioned, instructs the jury that "mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient . . . unless you find . . . that the defendant was a participant and not merely a knowing spectator." This instruction addresses Prokasy's concern with the element of intent.

¶21. Also, it appears that Prokasy did not challenge the court's response to the jury question at the time it was given. We note that the exchange between counsel and the judge in answering the jury's question is not in the record. Even so, the court's answer to the jury question considered alongside the jury instructions was not misleading or confusing as Prokasy claims.

¶22. We find no abuse in its discretion in the answers to the jury's questions. The answers gave clarity to particular areas of the law for the jurors and went no further. This issue is without merit.

¶23. **THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE OF TWENTY-FIVE YEARS, WITH TWENTY YEARS TO SERVE AND FIVE YEARS OF POST-RELEASE SUPERVISION; AND COUNT II, CONSPIRACY TO COMMIT ARMED ROBBERY, AND SENTENCE OF FIVE YEARS AND TO PAY A $2,500 FINE AND $7,500 TO THE PUBLIC-DEFENDER FUND; WITH THE SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED**

**TO PEARL RIVER COUNTY.**

   **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**